JOSEPH H. HUNT
Assistant Attorney General
Civil Division
C. SALVATORE D'ALESSIO, JR.
Acting Director
MARY HAMPTON MASON
(New York Bar No. 2255198)
Senior Trial Counsel
PAUL QUAST
(Colorado Bar No. 49154)
Trial Attorney
Constitutional & Specialized Tort Litigation
Torts Branch, Civil Division
Department of Justice
Box 7146 Washington, DC 20044
Email: paul.c.quast@usdoj.gov
Telephone: (202) 616-4150

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.I.I.L., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Jefferson Beauregard Sessions, III, et al.,<br><br>    Defendants. | No. CV-19-00481-TUC-JAS<br><br>**JOINT MOTION TO EXCEED PAGE LIMITS**<br>**(First Request)** |

The parties in this action respectfully request that the Court: (1) permit the fifteen individual-capacity defendants ("Defendants") to file a single memorandum of law in support of their consolidated motion to dismiss the Complaint that exceeds the page limit set forth in Local Rule 7.2(e)(1); (2) permit Plaintiffs to file a memorandum of law opposing the motion to dismiss that exceeds the page limit set forth in Local Rule 7.2(e)(1); and (3) permit Defendants to file a single reply in support of their motion to dismiss that exceeds the page limit set forth in Local Rule 7.2(e)(2). The reasons for this motion are set forth in the following incorporated supporting statements of law and authorities:

1. Plaintiffs are eleven immigrant parents and children who allege that they were

separated from each other in Arizona and at other places along the southern border by the U.S. government. Compl. ¶ 1. The Complaint asserts constitutional and statutory claims on behalf of putative classes of allegedly similarly situated parents and children against fifteen individual-capacity defendants. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); 42 U.S.C. §§ 1985, 1986. The Complaint is 76 pages long, contains 347 paragraphs, and asserts eight causes of action. The particular defendants involved in each of those eight claims vary. Defendants are current or former high-ranking federal employees who work or worked for the White House and six different departments and agencies.

2. Defendants are each sued in their personal capacity for damages, entitling each to file their own dispositive motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that *Bivens* liability only extends to "each Government-official, through the official's own individual actions"). Under the page limit of the local rules, if each defendant filed their own motion that would be 255 pages. *See* LRCiv 7.2(e). However, in the interest of judicial economy, Defendants plan to file a single, consolidated motion to dismiss on all of the individual-capacity claims and a single reply in support of that motion. Defendants' motion will discuss complex legal issues, including personal jurisdiction, the availability of a cause of action, and immunity. Although Defendants will raise many of the same defenses, some of those defenses (like qualified immunity) will vary from defendant to defendant and from claim to claim. Addressing each defendant's defenses will also require explaining complex statutory and regulatory schemes, which vary by agency and each plaintiff's circumstances.[1]

3. In fairness and to allow Plaintiffs to fully respond to the arguments raised by

---

[1] Briefing has been of a similar length in other *Bivens* child separation cases in other districts. *See K.O., et al., v. Sessions, et. al.*, No. 18-cv-40149 (D. Mass.); *Mejia-Mejia v. U.S. Immigration and Customs Enforcement, et al.*, No. 18-cv-1445 (D.D.C.). In *K.O.*, which involved fewer defendants and only minor plaintiffs, the court permitted the parties to file 67-page memoranda in support of the motion to dismiss and in opposition. *K.O.*, No. 18-cv-40149, Dkt. 49, 52, 56. In *Mejia-Mejia*, which involved two defendants, one plaintiff, and only two counts, the defendants filed a 45-page motion to dismiss memorandum. *Mejia-Mejia*, No. 18-cv-1445, Dkt. 53.

Defendants, the parties agree and seek leave for a reciprocal page extension for Plaintiffs' response in opposition.

4. To ensure that the parties may present a thorough discussion to the Court, Defendants seek leave to file one 60-page motion to dismiss and memorandum; Plaintiffs seek leave to file one 60-page opposition; and Defendants seek leave to file one 30-page reply in support of the motion to dismiss.

Dated this 6th day of February, 2020.

/s/ *Geoffrey R. Chepiga*
Geoffrey R. Chepiga
(admitted *pro hac vice*)
Jacqueline P. Rubin
(admitted *pro hac vice*)
Emily Goldberg
(admitted *pro hac vice*)
Hallie S. Goldblatt
(admitted *pro hac vice*)
Steven C. Herzog
(admitted *pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Lee Gelernt
(admitted *pro hac vice*)
Anand Balakrishnan
(admitted *pro hac vice*)
Daniel A. Galindo
(admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS
PROJECT
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2660

Alexander A. Reinert
(admitted *pro hac vi*ce)
55 Fifth Avenue, Room 1005
New York, NY 10003
(212) 790-0403

Christine Keeyeh Wee
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, AZ 85011
(602) 650-1854

*Counsel for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director
Constitutional & Specialized Tort Litigation
Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel
Constitutional & Specialized Tort Litigation
Torts Branch, Civil Division

*/s/ Paul Quast*
PAUL QUAST

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by means of the District Clerk's CM/ECF electronic filing system on February 6, 2020.

*/s/ Paul Quast*
Paul Quast