ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
C. SALVATORE D'ALESSIO, JR.
Acting Director
MARY HAMPTON MASON
(New York Bar No. 2255198)
Senior Trial Counsel
PAUL QUAST
(Colorado Bar No. 49154)
Trial Attorney
Constitutional & Specialized Tort Litigation
Torts Branch, Civil Division
Department of Justice
Box 7146 Washington, DC 20044
Email: paul.c.quast@usdoj.gov
Telephone: (202) 616-4150

Attorneys for the Individual Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Jefferson Beauregard Sessions, III, et al.,<br><br>Defendants. | No. CV-19-00481-TUC-SHR<br><br>**RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs seek leave to file a first amended complaint, Dkt. 37. Given the procedural posture of this particular case, the Individual Defendants submit that the most appropriate sequencing of this matter is for the Court to defer a decision on the instant motion for leave to amend and rule first on the pending motion to dismiss, Dkt. 28. Ruling on the motions in this *order* is well within this Court's inherent case management authority. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *accord K.O. v. U.S. Immigration & Customs Enf't*, No. CV 20-309 (RC), 2020 WL 3429697, at *14 (D.D.C. June 23, 2020) (a case raising materially

indistinguishable claims and employing the exact sequencing proposed here on the plaintiffs' motion for leave to amend). The proposed amendment involves adding a party (the United States) and has significant implications for how this case will proceed in terms of motions practice, any discovery, and appeal. And in the event that the Court grants Defendants' motion to dismiss, the law of the case would control and allowing amendment as to the claims against the individual-capacity defendants would be futile. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal."); *see also Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").[1]

This was the approach taken recently by the court in a similar case challenging alleged family separation policies, *K.O.*, 2020 WL 3429697; *see* Notice of Supplemental Authority, Dkt. 33. In *K.O.*, plaintiffs sought to amend their existing *Bivens*-only complaint to add FTCA claims against the United States. Rather than allowing amendment, the court decided the fully-briefed motion to dismiss, dismissing all claims against the individual-capacity defendants (eleven of the defendants in this suit). *K.O.*, 2020 WL 3429697 at *11, *13. After deciding the motion to dismiss, a decision on the motion for leave to amend was straightforward: "[b]ecause the claims against the individual Defendants fail to state a claim, there is nothing to be gained in terms of judicial efficiency by litigating the claims against the United States in this action." *Id.* at *14. Indeed, the court noted that allowing amendment would only create unnecessary case-management problems: "[K]eeping the cases separate may benefit Plaintiffs in that they will be able to immediately appeal the dismissal of their *Bivens* claims now. But if the FTCA claims were added to this case Plaintiffs would have to await resolution of the FTCA claims before appealing the dismissal of the *Bivens* claims." *Id.*

---

[1] Although Plaintiffs explain that the proposed amended complaint does not contain any new claims against the Individual Defendants, Plaintiffs have made minor changes throughout the amended complaint such as changed paragraph numbers and other updates. These minor changes need not be addressed if the motion to dismiss is resolved first.

The same concerns are present here. If the Court permits Plaintiffs to add the United States as a defendant, the resolution of any potential FTCA claims could be delayed – potentially for years – were the Individual Defendants to file one or more interlocutory appeals.[2] Conversely, final resolution of and the entry of judgment on the *Bivens* claims could be delayed – again, potentially for years – if the Court were to grant the Individual Defendants' motion to dismiss but allow the FTCA claims against the United States to proceed to summary judgment or trial. This in turn would complicate any discovery or trial that might occur as the Individual Defendants would at a minimum oppose their personal participation in such matters, without a final resolution of their immunity and other defenses. These potential problems could be avoided if the Court defers ruling on the motion to amend until after ruling on the pending motion to dismiss. Once the Court decides the pending motion to dismiss, it will also be clear whether judicial economy will be served by amendment as Plaintiffs' suggest. *See* Mot. for Leave to File, Dkt. 37 at 4.

While litigating the FTCA and individual capacity claims together conceivably *could* promote efficiency *if* the threshold motions to dismiss for the Individual Defendants on the *Bivens* claims and the United States on the FTCA claims involved similar legal issues, they do not. In fact, there would be no identity of issues at the motion to dismiss phase: as evident from the Individual Defendants' pending motion, they have raised issues of personal jurisdiction, the availability of a remedy, and qualified and absolute immunity. These defenses are asserted in response to constitutional or statutory violations, which cannot form the basis for FTCA claims. *See* 28 U.S.C. § 2679 (excluding federal Constitutional and federal statutory claims). The United States, moreover, is likely to have

---

[2] The Individual Defendants would be able to immediately appeal an adverse ruling on their motion to dismiss because such a ruling on an immunity defense is considered a "final decision" for the purposes of 28 U.S.C. § 1291. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 967 (9th Cir. 2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)) (noting that the denial of qualified immunity is an appealable final decision); *Behrens v. Pelletier*, 516 U.S. 299, 307 (1996) ("Thus, *Mitchell* clearly establishes that an order rejecting the defense of qualified immunity at *either* the dismissal stage *or* the summary judgment stage is a 'final' judgment subject to immediate appeal.").

its own distinct threshold bases for dismissal, including potential discretionary function and other defenses.[3]

***

If the Court allows Plaintiffs to file the proposed first amended complaint, Defendants concur with Plaintiffs that this Court can apply the pending motion to dismiss and related briefing (Dkts. 28, 31, 32, 33, 34, 36) to the amended complaint. Pls'. Mot. to Amend at 5.

Dated this 30th day of July, 2020.

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

*/s/ Paul Quast*
PAUL QUAST

*Counsel for the Individual Defendants*

---

[3] The undersigned do not represent the United States in this matter. If and when a properly served and filed complaint against the United States is live, the defense of the United States would be provided by separate Department of Justice counsel. Counsel for the Individual Defendants has already provided Plaintiffs' counsel with contact information for the Department of Justice attorneys who would represent the United States. The Individual Defendants are not asserting in this opposition (and are not authorized to assert) any defenses on behalf of the United States, which, if presented in this action at all, will be presented by separate counsel for the United States.

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by means of the District Clerk's CM/ECF electronic filing system on July 30, 2020.

                                        */s/ Paul Quast*
                                        Paul Quast