IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Jefferson Beauregard Sessions, III, et al.,<br><br>    Defendants. | No. CV-19-00481-TUC-JCH<br><br>**ORDER** |

    This case stems from the alleged forced separation of undocumented parents from their minor children in Arizona and other places along the United States-Mexico border by the United States Federal Government. Plaintiffs bring claims against the United States ("United States Defendants") under the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. §§ 1346(b)(1) and 2675. Plaintiffs also bring claims against fifteen individually named Defendants ("Individual Defendants")—each sued in a personal, not official capacity—under the Fourth and Fifth Amendments to the United States Constitution, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1985 and 1986 pursuant to 28 U.S.C. §§ 1331 and 1343(a).

    Pending before the Court is Plaintiffs' Motion to Hold Action in Abeyance ("Motion") (Doc. 63) for a period of sixty (60) days. Plaintiffs seek a stay of the entire action to facilitate further settlement discussions in hopes of resolving their FTCA claims against the United States Defendant. (*See* Doc. 63 at 1-2.) Individual Defendants filed a

Response (Doc. 64) and object to a stay of the individual-capacity claims. Plaintiffs filed a Reply (Doc. 65). The Court will grant Plaintiffs' Motion for the following reasons.

**I.    Background**

Plaintiffs—bringing this action on their own behalf and as a class action on behalf of all other similarly situated class members—are undocumented adults and their respective six children who allege that the U.S. government forcibly separated parents from their minor children and held them in immigration detention facilities.

On September 30, 2020, Plaintiffs filed their First Amended Complaint ("FAC") (Doc. 41) asserting eleven causes of action. In Counts I – VIII, Plaintiffs assert claims against Individual Defendants in their individual capacities for: violations of their fifth amendment right to family integrity (Count I); violations of their fifth amendment substantive due process right to receive adequate medical care while in custody (Count II); violations of their fifth amendment substantive due process right to be free from punitive treatment (Count III); violations of their fifth amendment right to procedural due process (Count IV); violations of their fifth amendment right to equal protection under the law (Count V); and violations of their fourth amendment right against unreasonable seizures (Count VI). Plaintiffs have also asserted statutory claims for conspiracy to interfere with Civil Rights, in violation of 42 U.S.C. § 1985(3) (Count VII); and refusal or neglect to prevent or aid in a conspiracy to interfere with Civil Rights, in violation of 42 U.S.C. § 1986 (Count VIII). In Counts IX—XI, Plaintiffs assert claims against the United States Defendant under the FTCA for: intentional inflection of emotional distress (Count IX); negligence (Count X); and loss of consortium (Count XI).

At present, two matters are fully briefed and awaiting resolution: (1) the Individual Defendants' Motion to Dismiss for Lack of Jurisdiction/Failure to State a Claim filed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (*See* Doc. 52); and (2) the United States Defendant's Motion to Dismiss for Lack of Jurisdiction and for Improper Venue filed pursuant to Federal Rules of Civil Procedure 12(b)(1) (*See* Doc. 53).

## II. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Nonetheless, "while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to issue a stay, courts must weigh "competing interests," which include: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and, (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal citations omitted).

## III. Analysis

### A. Prejudice to the Non-Moving Party

The crux of Individual Defendants' opposition is that they will suffer prejudice if the case is delayed—especially if Plaintiffs seek further abeyance for some unknown period—due to settlement discussions unrelated to the claims against them. (*See* Doc. 64.) Individual Defendants further contend that while settlement with the United States Defendant may result in preclusion of the individual-capacity claims, it is not a valid basis for delaying proceedings. Moreover, Individual Defendants assert that the individual-capacity claims against them are subject to dismissal on independent legal grounds unrelated to the claims against the United States Defendant. (*Id.* at 2.) Individual Defendants ask the Court to deny the Motion as to the individual-capacity claims and proceed to resolve the Individual Defendants' motion to dismiss. (*Id.* at 2.)

Here, Plaintiff's Motion is for a stay of 60-days. While the Court appreciates the Individual Defendants' concern regarding indefinite delay, that matter is not before the Court. Individual Defendants' argument that they are entitled to dismissal on independent

legal grounds, and that delay in resolving their motion to dismiss amounts to prejudice, is undercut by the prospect of a settlement that might preclude individual-capacity claims. At this stage of the proceedings, and before discovery has begun, a 60-day stay of the entire action will not significantly prejudice the Individual Defendants. The Court will view any future stay requests with skepticism absent, for example, a showing that Plaintiffs and the United States Defendants are making meaningful progress towards settlement.

### B. Possible Hardship or Inequity to Plaintiffs if a Stay is Not Imposed

Plaintiffs assert the following in support of their Motion:

> … settlement with the United States on the FTCA claims may increase the prospect of resolving the claims against the Individual Defendants. In particular, Plaintiffs expect that the United States would insist that any settlement involve dismissal of the claims against the Individual Defendants, as has been the Justice Department's normal course in cases involving both FTCA and *Bivens* claims against individual defendants.

(Doc 63 at 2) (italicization in original). Plaintiffs further contend that a stay would allow Plaintiffs "to more fully focus their attention on these settlement efforts … to dismiss the FTCA claims … and all proceedings and case deadlines for the FTCA claims." (*Id.*)

Staying the entire action allows Plaintiff to concentrate efforts on deadlines regarding their FTCA claims while possibly avoiding unnecessary litigation costs for discovery and other motions as to the individual-capacity claims. Furthermore, Individual Defendants concede that "[t]here are no deadlines to the individual-capacity claims that need to be stayed." (Doc. 64 at 2.) Given this context, the Court finds that the risk of harm weighs in favor of Plaintiffs.

### C. Orderly Course of Justice

Plaintiff's note that settlement with the United States has previously resolved cases involving both FTCA and *Bivens* claims. (Doc. 63 at 2.)

Here, a 60-day stay will promote judicial efficiency. Partial settlement has the potential to narrow the issues involved in the case, including the scope of discovery and

the scope of Plaintiffs' class-certification request. Furthermore, there are questions of law raised in the Individual Defendants' Motion to Dismiss regarding the availability of *Bivens* remedies related to the three counts against the United States under the FTCA. Staying the case at this juncture will avoid exhausting judicial resources to decide substantive motions that may prove to have been unnecessary if settlement, with preclusion of individual-capacity claims as a condition, is reached.

## IV. Conclusion

**IT IS ORDERED GRANTING** Plaintiffs' Motion to Hold Action in Abeyance (Doc. 63). **IT IS FURTHER ORDERED STAYING** this matter, including all remaining deadlines and hearings, for a period of **SIXTY (60) DAYS** from the date of this order.

Dated this 1st day of June, 2021.

_____
Honorable John C. Hinderaker
United States District Judge