Jacqueline P. Rubin (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Lee Gelernt (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Attorneys for Plaintiffs

*(Additional Counsel for Plaintiffs Listed on Signature Page)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.I.I.L., et al., <br><br> Plaintiffs, <br><br> - v - <br><br> Jefferson Beauregard Sessions III, et al., <br><br> Defendants. | No. CV-19-00481-TUC-JCH <br><br> **MOTION TO HOLD ACTION IN ABEYANCE** <br><br> **(Second Request)** |

Plaintiffs respectfully move the Court for an order holding this action in abeyance for a period of sixty (60) days, until October 1, 2021. Plaintiffs have conferred with counsel for the Defendants. Like Plaintiffs' first request, this second request for an abeyance is joined by Defendant the United States of America as to the claims asserted against it, and is opposed by the Individual Defendants as to the claims against them. The motion is based on the following grounds.

1. Plaintiffs have brought claims under the Federal Tort Claims Act (FTCA) against the United States and claims against the Individual Defendants under *Bivens* and 42 U.S.C. §§ 1985 and 1986. The United States and the Individual Defendants are all represented by attorneys within the United States Department of Justice.

2. This action is currently stayed. The 60-day stay expires on August 2, 2021. The parties fully briefed Plaintiffs' first requested motion to hold the action in abeyance. ECF Nos. 63–65. On June 1, 2021, the Court granted the motion on the grounds that (1) "[a]t

this stage of the proceedings . . . a 60-day stay of the entire action will not significantly prejudice the Individual Defendants," that (2) a stay of the entire action would allow Plaintiffs to focus their efforts on settlement, and that (3) a stay of the entire action would "promote judicial efficiency." Order at 4, ECF No. 66. In the order, the Court stated, "The Court will view any future stay requests with skepticism absent, for example, a showing that Plaintiffs and the United States Defendants are making meaningful progress towards settlement." *Id.*

3. Since that order, Plaintiffs and the United States have made meaningful progress towards settlement and have met at least 12 times to further settlement efforts. Plaintiffs' counsel and the United States, along with a group of counsel who are coordinating negotiations on behalf of plaintiffs and claimants, are engaged in a nationwide effort to settle district court cases and pending administrative tort claims arising from family separations at the U.S./Mexico border that occurred during the prior administration. While significant progress has been made, due to the scale and complexity of the effort, additional time is needed to achieve a global resolution of these matters.

4. In order to continue to fully focus their attention on these settlement efforts, Plaintiffs request that this Court hold in abeyance for a period of 60 days the United States' pending motion to dismiss the FTCA claims and Individual Defendants' pending motion to dismiss the *Bivens* and §§ 1985 and 1986 claims, and all associated proceedings. Similar requests have been granted in at least sixteen other cases as part of efforts to globally resolve claims related to family separation. *See, e.g.*, Ex. 1 (*B.A.D.J.* v. *United States*, Case No. 2:21-cv-215, ECF No. 33 (D. Ariz. July 16, 2021) (granting second joint motion to stay in family separation-related action)); Ex. 2 (*D.J.C.V.* v. *United States*, Case No. 1:20-cv-5747, ECF No. 95 (S.D.N.Y. June 11, 2021) (granting request to continue stay for 60 days in family separation-related action)); Ex. 3 (*C.M.* v. *United States*, Case No. 2:19-cv-05217, ECF No. 108 (D. Ariz. June 1, 2021) (granting third stipulated motion to hold in abeyance family separation-related action)). At the close of this 60-day abeyance period,

1 | Plaintiffs may, depending on the progress of the settlement discussions, seek an additional abeyance from the Court to facilitate further settlement discussions.

5. The United States consents to this motion, while the Individual Defendants oppose staying the claims brought against them. This leaves open the possibility that the case will proceed piecemeal. But a further modest deferral of a ruling on all pending motions while Plaintiffs and the United States continue to make meaningful progress toward settlement would not materially prejudice the Individual Defendants and would conserve judicial resources. As set forth in Plaintiffs' first request, a settlement with the United States on the FTCA claims may increase the prospect of resolving the claims against the Individual Defendants through a global settlement or otherwise. In particular, Plaintiffs expect that the United States would insist that any settlement involve dismissal of the claims against the Individual Defendants, as has been the Justice Department's normal course in cases involving both FTCA and *Bivens* claims against individual defendants. Plaintiffs therefore respectfully request that the Court exercise its "discretionary power" to control the disposition of the cases on its docket and hold in abeyance all pending motions and proceedings. *Lockyer* v. *Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citation omitted); *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936).

Plaintiffs accordingly request that the Court hold all of the pending motions to dismiss in abeyance for a period of sixty (60) days, until October 1, 2021.

Dated this 2nd day of August, 2021.

By: /s/ *Jacqueline P. Rubin*
Jacqueline P. Rubin
(admitted *pro hac vice*)
Geoffrey R. Chepiga
(admitted *pro hac vice*)
Steven C. Herzog
(admitted *pro hac vice*)
Hallie S. Goldblatt
(admitted *pro hac vice*)

Lee Gelernt
(admitted *pro hac vice*)
Anand Balakrishnan
(admitted *pro hac vice*)
Daniel A. Galindo
(admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Alexander A. Reinert
(admitted *pro hac vice*)
55 Fifth Avenue, Room 1005
New York, NY 10003
(646) 592-6543

125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660

Stephen Kang
(admitted *pro hac vice*)
Spencer Amdur
(admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
(917) 620-3555

Christine Keeyeh Wee
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, AZ 85011
(602) 650-1854

*Attorneys for Plaintiffs A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; J.I.S., on behalf of himself and his minor child, B.L.S.P.; and J.J.P.B., on behalf of himself and his minor child, A.E.P.F.*

/s/ *Philip D. MacWilliams*
PHILIP D. MACWILLIAMS

*Attorney for the United States of America*

August 2, 2021

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 2, 2021 I caused the attached document to be electronically transmitted to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

                                          /s/ *Jacqueline P. Rubin*
                                          Jacqueline P. Rubin