BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division
MARY HAMPTON MASON
(New York Bar No. 2255198)
Senior Trial Counsel
PAUL QUAST
(Colorado Bar No. 49154)
Trial Attorney
Constitutional & Specialized Tort Litigation
Torts Branch, Civil Division
Department of Justice
Box 7146 Washington, DC 20044
Email: paul.c.quast@usdoj.gov
Telephone: (202) 616-4150

Attorneys for the Individual Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., et al., | No. CV-19-00481-TUC-JCH |
| Plaintiffs, | |
| v. | **OPPOSITION TO PLAINTIFFS' THIRD MOTION TO HOLD ACTION IN ABEYANCE** |
| Jefferson Beauregard Sessions, III, et al., | |
| Defendants. | |

The Individual Defendants respectfully oppose Plaintiffs' third motion to hold "this action in abeyance" for sixty days. Dkt. 70 at 1. The Individual Defendants do not oppose Plaintiffs' request to "hold in abeyance for a period of 60 days the United States' pending motion to dismiss the FTCA claims" *Id.* at 2. However, the Individual Defendants again oppose Plaintiffs' request to hold the individual-capacity claims against them in abeyance.

Courts deciding whether to issue a stay must weigh "competing interests," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)). "If there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Percy v. United States*, No. CV1602066PHXDGCDMF, 2016 WL 7187129, at *2 (D. Ariz. Dec. 12, 2016). The party seeking the stay "bears the burden of proving that a stay is warranted." *Sierra Club, Hawaii Chapter v. City & Cty. of Honolulu*, No. CV. 04-00463-DAE-BMK, 2007 WL 2694489, at *4 (D. Haw. Sept. 11, 2007).

*Prejudice to the Non-Moving Party*

Extended delay with respect to the resolution of the dispositive motion of the Individual Defendants, all former federal employees, pending settlement discussions between other parties about a separate set of claims, is itself prejudice. The Supreme Court has made plain that an individual officials' entitlement to qualified immunity should be resolved "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). Plaintiffs' stay request would, if granted, needlessly delay a decision on immunity and run afoul of the principles underlying the defense. For former federal employees, who continue to have to spend time and energies inquiring about the status of this lawsuit and disclosing the existence of this litigation where warranted, there are collateral consequences to extending litigation which are themselves the sort of distraction and disincentive to federal service qualified immunity is designed to prevent. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982) (cataloging social costs that individual capacity damages actions against public officers entail); H. Allen Black, *Balance, Band-Aid, or Tourniquet: The Illusion of Qualified Immunity for Federal Officials*, 32 Wm. & Mary L. Rev. 733, 751–52 (1991) ("Such involvement may hamper defendants' efforts to obtain loans, keep defendants from disposing of certain real property, subject defendants to great personal and professional stress, and force defendants to lose countless hours defending the suit."). Significantly, the cases Plaintiffs cite involving "[s]imilar requests" do *not* involve individual-capacity claims. Dkt. 70 at 2.

Plaintiffs first filed this lawsuit over two years ago, on October 3, 2019, and the Individual Defendants first moved to dismiss—based on personal jurisdiction, immunity, and special

factors—on February 14, 2020. If granted, Plaintiffs' third request for a stay would delay even *consideration* of the Individual Defendants' motion to dismiss until well over a year after that motion was fully briefed. Plaintiffs request an additional 60-day stay, even as to the Individual Defendants, with no indication it will be their final request to hold this case in abeyance. As the Ninth Circuit has stressed, "general policy" favors "stays of short, or at least reasonable, duration." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007); *cf. Leyva v. Certified Grocers of Ca., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time. . . ."). Plaintiffs' request for an opposed 60-day stay as to the Individual Defendants, particularly following the prior opposed 60-day stays, is neither short nor reasonable.

*Hardship to Plaintiffs*

At the same time, Plaintiffs would face no similar hardship were the fully briefed claims against the Individual Defendants to go forward. Indeed, there are no present deadlines to stay as to the individual-capacity claims; the Individual Defendants' motion to dismiss is ripe for decision. Thus, Plaintiffs' purported need to "focus" on settlement negotiations, Dkt. 70 at 2, is without merit.

*Orderly Course of Justice*

The Individual Defendants are not engaged in settlement negotiations in this case. They have asserted and continue to assert numerous, independent grounds for dismissing this action. These defenses include (1) challenging this Court's personal jurisdiction over any of the fifteen individually named Defendants, (2) the "antecedent" issue of whether Plaintiffs even have a cause of action to pursue their constitutional claims, *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017), and (3) the Individual Defendants' entitlement to qualified and absolute immunity. These defenses are not available to the United States and can be resolved without reference to the briefing on the United States' motion to dismiss.

In their previous reply to the Individual Defendants' opposition to Plaintiffs' first motion to stay, Plaintiffs asserted that a stay would benefit judicial economy because of a purported overlap in the legal issues. According to Plaintiffs, the Individual Defendants "argued that one

reason to deny a *Bivens* remedy in this case is because of the presumed availability of a FTCA [Federal Tort Claims Act] remedy." Dkt. 65 at 2. Plaintiffs are mistaken. As to the former, the Individual Defendants have contended that the availability of the FTCA is an *alternative process* that in combination with other special factors forecloses Plaintiffs' *Bivens* claims. That argument applies with full force irrespective of the outcome of the United States' motion to dismiss the FTCA claims in this particular case. *See* Dkt. 61 at 14 n.16 ("[T]he special factors inquiry focuses on whether an alternative process exists, not whether a particular plaintiff may prevail."); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.").[1]

The legal issues raised in the Individual Defendants' motion to dismiss are not only distinct from those against the United States under the FTCA, they are also clear-cut and should result in dismissal of all the claims against the Individual Defendants. Indeed, courts have addressed the very same legal questions as to most of these same defendants and have all dismissed the claims at the Rule 12 stage. *See Mejia-Mejia v. U.S. Immigr. & Customs Enf't*, No. CV 18-1445 (PLF), 2019 WL 4707150, at *4 (D.D.C. Sept. 26, 2019) (declining to extend *Bivens* to a family separation challenge against two of the same defendants); *K.O. v. U.S. Immigr. & Customs Enf't*, 468 F. Supp. 3d 350, 367 (D.D.C. 2020) (appeal filed) (declining to extend *Bivens* to a family separation challenge against eleven of the same defendants); *see also Pena Arita v. United States*, 470 F. Supp. 3d 663, 698 (S.D. Tex. 2020) (dismissing individual-capacity claims against line level defendants in family separation context). No new legal ground need be broken to dismiss this case. And even if settlement were to conserve some judicial resources, that "alone is insufficient to support a grant of stay." *Sierra Club*, 2007 WL 2694489, at *5.

---

[1] In contrast, Plaintiffs argue that the Court should disregard the presence of the FTCA entirely. Dkt. 54 at 23–24. In any event, no judicial efficiency would be gained by viewing the briefing on the United States' motion to dismiss in tandem with the briefing on the Individual Defendants' motion to dismiss.

Dated this 15th day of October, 2021.

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

*/s/ Paul Quast*
PAUL QUAST

*Counsel for the Individual Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by means of the District Clerk's CM/ECF electronic filing system on October 15, 2021.

*/s/ Paul Quast*
Paul Quast