Jacqueline P. Rubin (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Lee Gelernt (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Attorneys for Plaintiffs

*(Additional Counsel for Plaintiffs Listed on Signature Page)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.I.I.L., et al., <br><br> Plaintiffs, <br><br> - v - <br><br> Jefferson Beauregard Sessions III, et al., <br><br> Defendants. | No. CV-19-00481-TUC-JCH <br><br> **REPLY IN SUPPORT OF MOTION TO HOLD ACTION IN ABEYANCE** <br><br> **(Third Request)** |

Plaintiffs respectfully submit this reply in support of their motion to hold this action in abeyance for a period of sixty (60) days, until December 13, 2021. No party disputes that Plaintiffs and the United States have made meaningful progress toward settlement during the previous 60-day stay. Continuing to stay this case through December 13, 2021 will allow Plaintiffs to continue to focus their attention on settlement efforts. Individual Defendants oppose the motion, claiming that a stay is inappropriate because it would prejudice Individual Defendants (Opp. 2-3), because moving forward would not harm Plaintiffs (Opp. 3), and because the ordinary course of justice favors moving forward (Opp. 3-4). Individual Defendants are incorrect on all three counts.

First, staying this action for an additional 60 days would not prejudice Individual Defendants. In its order granting Plaintiffs' second request, this Court explained that "circumstances . . . remain substantially similar" to those justifying the initial stay, such that an additional 60 days would not "significantly prejudice the Individual Defendants." Order at 2. Individual Defendants point to no subsequent change that would counsel

against an additional stay, particularly given the significant progress of Plaintiffs and the United States toward settlement. Instead, Individual Defendants argue that a stay "is itself prejudice" because Individual Defendants assert a qualified immunity defense and qualified immunity should be resolved as early as possible. *See* Opp. 2. But Individual Defendants cite no case (and Plaintiffs can find none) in which a court denied a stay simply on the basis of a qualified immunity defense. *See* Opp. 2 (citing *Pearson* v. *Callahan*, 555 U.S. 223 (2009) (appeal from decision on summary judgment); *Hunter* v. *Bryant*, 502 U.S. 224 (1991) (same); *Harlow* v. *Fitzgerald*, 457 U.S. 800 (1982) (same)). After all, while the action is stayed, the Individual Defendants will confront none of the burdens of litigation—discovery and trial—with which the qualified immunity defense is concerned. *Mitchell* v. *Forsyth*, 472 U.S. 511, 526 (1985) (describing purpose of qualified immunity to protect officials from "the costs of trial or . . . the burdens of broad-reaching discovery . . . ." (cleaned up)); *Horton by Horton* v. *City of Santa Maria*, 915 F.3d 592, 603 n.10 (9th Cir. 2019) ("The qualified immunity defense shields government officials from the costs and distractions of litigation and not just from liability."). And Individual Defendants' rule would contravene the well-established "discretionary power" of courts to control the disposition of the cases on their dockets. *Lockyer* v. *Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citation omitted); *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Leyva* v. *Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058 JCS, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) (granting a 60-day stay pending settlement of separate proceedings that would resolve all claims pending before the court).

Second, Individual Defendants suggest that Plaintiffs would suffer no hardship should this Court decide to move forward on their motion because there are no present deadlines in this case. Opp. 3. But, as this Court previously explained, continuing the stay

would allow Plaintiffs to "focus their nationwide efforts on settlement," Order at 2, and would "possibly avoid[] unnecessary litigation costs for discovery and other motions as to the individual-capacity claims," Order Granting First Stay (Dkt. 66) at 4. In particular, Plaintiffs requested oral argument and discovery in their opposition to Individual Defendants' motion, Opp. to Mot. to Dismiss (Dkt. 54) at 1, 9, 11, 28, and these proceedings would generate costs, consume judicial resources, and complicate Plaintiffs' settlement negotiations.

Third, Individual Defendants argue that the ordinary course of justice does not favor a stay because it is only the United States who is engaged in settlement negotiations and because judicial economy favors deciding the motions to dismiss piecemeal. Opp. 3-4. But Individual Defendants—themselves represented by Department of Justice lawyers—do not deny the possibility that settlement discussions may result in the resolution of all of Plaintiffs' claims against both the United States *and* Individual Defendants. And they nowhere contend that their interests would be inadequately represented in such a settlement.

Individual Defendants also argue that the legal issues in their dismissal motion are "distinct" from those in the United States' motion, and that a further stay would therefore not serve judicial economy. Opp. 3-4. For example, Individual Defendants contend that the "special factors inquiry [in *Bivens*] focuses on whether an alternative process exists, not whether a particular plaintiff may prevail." *Id.* at 4. While Plaintiffs have explained why this view of the special factors inquiry is incorrect, *see, e.g.*, Opp. to Mot. to Dismiss at 23-24, here the United States argues that Plaintiffs' FTCA claims are *categorically* unavailable, *see, e.g.*, U.S. Mot. to Dismiss (Dkt. 53) at 11-28, which is plainly relevant to Plaintiffs' *Bivens* arguments. Numerous other areas of overlap exist among Plaintiffs' *Bivens*, §§ 1985 and 1986, and FTCA claims. Each arises out of the same shocking acts of family separation and detention and each bears on constitutional issues this Court may prefer to address simultaneously; for example, the scope of the *Bivens* cause of action and the discretionary function exception under the FTCA each require an analysis of the

constitutionality of Individual Defendants' actions. *See* Opp. to Mot. to Dismiss at 17-19, 35-53; Opp. to U.S. Mot. to Dismiss (Dkt. 55) at 7-11. In sum, extending the stay here would help to conserve judicial resources. Order at 2.

Finally, the Court of Appeals for the District of Columbia in *K.O.* v. *Sessions*, Civ. No. 20-5255, Dkt. 1910476 (Aug. 17, 2021)—another case in which plaintiffs filed *Bivens* claims against government officials for separating families at the border—recently granted an additional 60-day extension for appellants to file their merits reply brief in light of the same nationwide settlement negotiations. The court there granted the extension after the appellants argued, in part, that such an extension would "conserve judicial resources." *K.O.*, Civ. No. 20-5255, Dkt. 1909008, 4 (Aug. 4, 2021). The Court should do the same here.

Plaintiffs accordingly request that the Court hold all of the pending motions to dismiss in abeyance for a period of sixty (60) days, until December 13, 2021.

Dated this 20th day of October, 2021.

By: /s/ *Jacqueline P. Rubin*

| | |
|---|---|
| Jacqueline P. Rubin | Lee Gelernt |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Geoffrey R. Chepiga | Anand Balakrishnan |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Steven C. Herzog | Daniel A. Galindo |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Hallie S. Goldblatt | AMERICAN CIVIL LIBERTIES |
| (admitted *pro hac vice*) | UNION FOUNDATION |
| PAUL, WEISS, RIFKIND, | IMMIGRANTS' RIGHTS PROJECT |
| WHARTON & GARRISON LLP | 125 Broad Street, 18th Floor |
| 1285 Avenue of the Americas | New York, NY 10004 |
| New York, NY 10019 | (212) 549-2660 |
| (212) 373-3000 | |
| jrubin@paulweiss.com | Stephen Kang |
| | (admitted *pro hac vice*) |
| Alexander A. Reinert | Spencer Amdur |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| 55 Fifth Avenue, Room 1005 | AMERICAN CIVIL LIBERTIES |

New York, NY 10003
(646) 592-6543

UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
(917) 620-3555

Christine Keeyeh Wee
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, AZ 85011
(602) 650-1854

*Attorneys for Plaintiffs A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; J.I.S., on behalf of himself and his minor child, B.L.S.P.; and J.J.P.B., on behalf of himself and his minor child, A.E.P.F.*

October 20, 2021

# CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021 I caused the attached document to be electronically transmitted to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/ *Jacqueline P. Rubin*
Jacqueline P. Rubin
