Jacqueline P. Rubin (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Lee Gelernt (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Attorneys for Plaintiffs

*(Additional Counsel for Plaintiffs Listed on Signature Page)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.I.I.L., et al.,<br><br>    Plaintiffs,<br><br>- v -<br><br>Jefferson Beauregard Sessions III, et al.,<br><br>    Defendants. | No. CV-19-00481-TUC-JCH<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF ON TRANSFER OF VENUE FOR PLAINTIFFS J.J.P.B. AND A.E.P.F.** |

Plaintiffs respectfully submit this supplemental brief pursuant to Local Rules 7.1 and 7.2, in response to this Court's March 31, 2022 Order requesting supplemental briefing as to the district to which this Court should transfer the FTCA claims of Plaintiffs J.J.P.B. ("Jacinto") and A.E.P.F ("Andrés"). Order at 19. Plaintiffs respectfully request that these claims be transferred to the Southern District of New York, or in the alternative, the Northern District of Indiana.

**Factual and Legal Background**

Jacinto and his son, Andrés, entered the United States in Hidalgo, Texas on May 16, 2018, when Andrés was six years old. FAC at ¶ 23; United States' Mot. Dismiss at 11; Ex. 1, Attachment 5 at 1, ECF No. 53. After the two were separated, Andrés was sent to ORR custody and placed with a foster family in the Bronx, New York. FAC at ¶¶ 117, 121, 122. Andrés remained within the care of two strangers in the Bronx, who he was

- 1 -

told to call "Mom" and "Dad," for months. *Id.* at ¶ 121. During this time, Jacinto and Andrés's communication was restricted, and Jacinto was allowed only one facilitated ten-minute call with his son every eight days. *Id.* at ¶ 118. Andrés was not reunited with his father until ten months after the two were separated. *Id.* at ¶ 117. Subsequently, Jacinto and Andrés relocated to Fort Wayne, Indiana, where they now live. *Id.* at ¶ 23.

On March 31, 2022, this Court held that venue was improper in the District of Arizona as to the FTCA claims brought by Plaintiffs Jacinto and Andrés, but that "dismissal of J.J.P.B. and A.E.P.F.'s claims is inappropriate as Plaintiffs might suffer prejudice from dismissal." Order at 15–18. The Court deferred ruling as to which venue was most appropriate for transfer of these claims and ordered supplemental briefing by the parties to make this determination. *Id.* at 18.

Where venue is found to be improper, the court may, "[i]f it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1402(b), FTCA claims "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." In determining proper venue, courts consider not only where the action could have been brought under the statute, but also look to discretionary factors drawing on considerations of "convenience and fairness," including the plaintiff's choice of forum, contacts in the forum, respective costs of litigation, and the ability to compel unwilling witnesses. *See Int'l Bus. Machines Corp.* v. *Zillow Grp., Inc.*, No. 8:19-cv-01777-JLS-JDE, 2020 WL 3977781, at *1 (C.D. Cal. May 28, 2020) (quoting *Jones* v. *GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)); *Lou* v. *Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (finding "great weight" is owed to plaintiff's choice of forum).

**The Southern District of New York is the Most Appropriate Venue**

Jacinto and Andrés's FTCA claims should be transferred to the Southern District of New York, the judicial district where Andrés was kept in foster care, away from

Jacinto, for months. Because of the amount of time that Andrés spent in the district while separated from his father, litigating in the Southern District of New York will provide access to relevant witnesses and evidence. Further, there are two similar cases pending in the forum, affording potential judicial efficiencies and establishing the propriety of venue in the Southern District of New York. Plaintiffs' choice of this venue should be accorded a high level of deference.

Venue is appropriate under 28 U.S.C. § 1402(b) "in the judicial district where . . . the act or omission complained of occurred." Much of the harm Andrés suffered took place in the Bronx, New York, where he was held in ORR custody and required to live away from his father for several months. FAC at ¶¶ 117, 121, 122. Jacinto similarly experienced harm because of these acts that occurred in New York: he was kept separated from his son and suffered mentally and emotionally during this time. *See id.* at ¶ 117. As this Court explained in reference to Plaintiff Diana—who was separated from her father Jorge in Texas, but then transferred to ORR custody in Arizona, where she was held for over a month—venue is appropriate in the district where the child was detained subsequent to the initial separation. Order at 16–17. This is so because "[t]he resulting trauma experienced by [Diana] and her father comport with the assertion that Arizona is one of the possible districts wherein the act or omissions complained of occurred." *Id.* at 16 (quotations omitted). Similarly, Andrés and Jacinto experienced trauma when Andrés was transferred to and held in New York after their initial separation; the acts or omissions complained of occurred in that district.

The propriety of venue in the district is further established by two cases pending in the Southern District of New York involving similar claims and facts arising out of the plaintiff families' forced and prolonged separation by the United States Government: *D.J.C.V.* v. *United States*, No. 1:20-cv-05747-PAE (S.D.N.Y.) and *W.P.V.* v. *United States*, No. 1:21-cv-04436-JPC (S.D.N.Y.). Like Andrés, the children in *D.J.C.V.* and *W.P.V.* were separated from their parents in May 2018 in Texas, transferred to ORR custody in the Bronx, New York, and remained separated from their parents for over a

month. *W.P.V.* Compl. ¶¶ 51–67, 81–82, 87; *D.J.C.V.* Compl. ¶¶ 8, 83–90, 98, 121. In the motion to dismiss by the Government in *D.J.C.V.*, the Government conceded that venue in New York was proper under similar facts to those here. *See D.J.C.V.* Mot. Dismiss, ECF No. 22) (no venue challenge raised). These cases lend further support for finding that venue is appropriate where children were held during the separation. Here, the separation in New York was for far longer than one month.

        The presence of related, pending cases is also a significant factor supporting transfer to a forum, for efficiency reasons. *Mann* v. *Liberty League Int'l*, LLC, No. CV-09-1260-PHX-GMS, 2010 WL 94114, at *3 (D. Ariz. Jan. 6, 2010) (citing *A.J. Indus., Inc.* v. *U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir.1974)). As previously explained, *D.J.C.V.* and *W.P.V.* are factually similar, and likewise involve claims of intentional infliction of emotional distress and negligence pursuant to the FTCA. *D.J.C.V.* Compl. at ¶¶ 138–42, 148–52; *W.P.V.* Compl. ¶¶ 133–41. Litigation in *D.J.C.V.* has been ongoing since July 2020 and the court has heard oral argument on the government's motion to dismiss. *See D.J.C.V.* Compl., Jul. 24, 2020; *D.J.C.V.* Order, ECF No. 78. Further, the likelihood of factual overlap is high: the plaintiff children in all three cases were transferred to ORR custody in the Bronx, New York, and Counsel understands that the Plaintiff child in *W.P.V.* was transferred to the same ORR facility, Cayuga Centers, as Andrés was. *W.P.V.* Compl. ¶ 7. As such, transfer and the potential for consolidation could promote judicial efficiency.

        There will also be a significant number of witnesses in New York. *See Jones*, 211 F.3d at 498–99. Given that Andrés was held in the Bronx for several months, both in an ORR program and in foster care, key identifiable witnesses and documents are found in the forum, especially relating to harm done to Andrés by and during the separation. FAC at ¶¶ 117, 121, 122; *see also Bluth* v. *Johnson*, No. CV-04-2684-PHX-SRB, 2005 WL 8161193, at *4 (D. Ariz. Oct. 17, 2005) (finding that factor of witness availability favors selection of venue that will facilitate in-person presence of nonparty witness at

trial, given that under Fed. R. Civ. P. 45(e), a nonparty cannot be compelled to attend unless served within district or 100 miles of place of trial).

Because of the significant connection to the Southern District of New York through the acts underlying the claim, relevant witnesses and evidence, and the related pending cases in the forum, Plaintiffs' choice of this venue should be accorded a high level of deference. *See, e.g.*, *Chen* v. *Pioneer Oil, LLC*, 472 F. Supp. 3d 704, 710 (N.D. Cal. 2020) (quoting *Belzberg*, 834 F.2d at 739).

**The Northern District of Indiana is Also an Appropriate Venue**

Alternatively, if the claims are not transferred to New York, they should be transferred to Plaintiffs' district of residence, avoiding inconvenience to the family while affording access to other relevant witnesses and evidence.

Venue is appropriate in the Northern District of Indiana under 28 U.S.C. § 1402(b) because Jacinto and Andrés are residents of Fort Wayne, Indiana—a city situated within Indiana's northern judicial district. FAC at ¶ 23; 28 U.S.C. § 1402(b). Residency of the plaintiff is an important factor in determining where venue is appropriate. *See Grubs* v. *Consol. Freightways, Inc.*, 189 F. Supp. 404, 409 (D. Mont. 1960) (explaining that "residence of the plaintiff, while not the only consideration, is a fact of high significance" in determining proper venue); Order Denying Mot. Dismiss, *Nunez* v. *United States*, No 2:20-cv-10793-VAP-GJS (C.D. Cal. April 27, 2021) (ECF No. 20) (denying transfer to Texas where family separation occurred because venue is proper in the district where the plaintiff resides).

The Northern District of Indiana is also an appropriate venue for transfer under § 1406(a) because litigation there would be more convenient for Plaintiffs. *See Jones*, 211 F.3d at 498–99; *Scott* v. *Carr*, No. C20-236RSM, 2020 WL 3639637, at *3 (W.D. Wash. July 6, 2020) (considering parties' relative capacity to absorb litigations costs in determining venue).

Access to other witnesses and evidence also counsels in favor of a transfer to Indiana. *See Jones*, 211 F.3d at 498–99; *Bluth*, 2005 WL 8161193, at *4. Plaintiffs have resided in Fort Wayne for more than two years. FAC ¶ 23. Relevant evidence from Plaintiffs and access to teachers, doctors, social workers, and other identifiable care providers who have interacted with the family during their years there will be available in the forum, and relates to the continued impact that separation has had on Jacinto and Andrés. *See id.*

## Conclusion

For these reasons, the Court should transfer Jacinto and Andrés's claims to the Southern District of New York or, in the alternative, to the Northern District of Indiana.

Dated this 8th day of April, 2022.

By: /s/ *Jacqueline P. Rubin*

| | |
|---|---|
| Jacqueline P. Rubin | Lee Gelernt |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Geoffrey R. Chepiga | Anand Balakrishnan |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Steven C. Herzog | Daniel A. Galindo |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Hallie S. Goldblatt | AMERICAN CIVIL LIBERTIES |
| (admitted *pro hac vice*) | UNION FOUNDATION |
| PAUL, WEISS, RIFKIND, | IMMIGRANTS' RIGHTS PROJECT |
| WHARTON & GARRISON LLP | 125 Broad Street, 18th Floor |
| 1285 Avenue of the Americas | New York, NY 10004 |
| New York, NY 10019 | (212) 549-2660 |
| (212) 373-3000 | |
| jrubin@paulweiss.com | Stephen Kang |
| | (admitted *pro hac vice*) |
| Alexander A. Reinert | Spencer Amdur |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| 55 Fifth Avenue, Room 1005 | AMERICAN CIVIL LIBERTIES |
| New York, NY 10003 | UNION FOUNDATION |
| (646) 592-6543 | IMMIGRANTS' RIGHTS PROJECT |
| | 39 Drumm Street |
| | San Francisco, CA 94111 |
| | (917) 620-3555 |

Christine Keeyeh Wee
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, AZ 85011
(602) 650-1854

*Attorneys for Plaintiffs A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; J.I.S., on behalf of himself and his minor child, B.L.S.P.; and J.J.P.B., on behalf of himself and his minor child, A.E.P.F.*

April 8, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2022 I caused the attached document to be electronically transmitted to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/ *Jacqueline P. Rubin*
Jacqueline P. Rubin