BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
IRINA M. MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; J.I.S., on behalf of himself and his minor child, B.L.S.P.; and J.J.P.B., on behalf of himself and his minor child, A.E.P.F., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case No. 4:19-cv-00481-JCH <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF ON TRANSFER OF VENUE FOR PLAINTIFFS J.J.P.B. AND A.E.P.F. (ECF 78)** |

On March 31, 2022, this Court granted the United States' motion to dismiss with respect to the claims of Plaintiffs J.J.P.B. ("Jacinto") and A.E.P.F. ("Andrés") (herein "Plaintiffs") for improper venue. ECF 77 at 19 ("Order"). The Court deferred ruling on dismissal or transfer of their claims pending supplemental briefing from the parties to identify "where venue is most appropriate." Order at 19. On April 8, 2022, Plaintiffs filed their brief, requesting that the Court transfer Plaintiffs Jacinto and Andrés' claims to the Southern District of New York, or in the alternative, to the Northern District of Indiana. ECF 78 ("Supp. Br.") at 1. The United States submits that venue for Plaintiffs' claims is most appropriate in the Southern District of Texas, where the separation of Jacinto and Andrés occurred, or in the alternative, in the Northern District of Indiana, where Jacinto and Andrés currently reside.

**Factual and Legal Background**

Plaintiff Jacinto and his minor son Andrés are Honduran nationals who illegally entered into the United States on May 15, 2018, between ports of entry near Hidalgo, Texas. ECF 53-1 at 22, 26. They were apprehended by United States Border Patrol ("Border Patrol") for illegal entry and were transported to the Rio Grande Valley Sector Centralized Processing Facility ("RGV Facility") in McAllen, Texas for processing. ECF 53-1 at 24, 27. Jacinto previously had been arrested for unlawful entry and removed from the United States in 2012. ECF 53-1 at 24. Because of his prior arrest and removal, Border Patrol agents placed Jacinto in reinstatement of removal proceedings pursuant to Section 241(a)(5) of the Immigration and Nationality Act. ECF 53-1 at 24.

Jacinto and Andrés were separated by Border Patrol agents at the RGV Facility in McAllen, Texas. ECF 53-1 at 24, 27. Andrés was processed as an unaccompanied minor ("UAC") and transferred to Department of Health and Human Services' Office of Refugee Resettlement's ("ORR") custody on May 17, 2018. First Amended Complaint ("FAC") at ¶ 114. According to the FAC, Andrés then was placed at Cayuga Centers where he was later placed with a foster family in the Bronx, New York. FAC at ¶ 117. On May 30, 2018, Jacinto was removed via airplane to Honduras. On October 2, 2018, Andrés was discharged

from ORR custody and placed with his adult first cousin in Washington, D.C.  According to the FAC, Jacinto and Andrés reunited ten months after their separation and currently reside in Fort Wayne, Indiana.  *Id*. at ¶ 23, 117.

Plaintiffs Jacinto and Andrés' claims are brought under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2675 and 1346 (b)(1), and seek damages for intentional infliction of emotional distress, negligence, and loss of consortium.  FAC at ¶ 350-62.  When a case is filed in the wrong federal district, as were Jacinto and Andrés' claims, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Venue for FTCA actions is governed by 28 U.S.C. § 1402 (b), which provides that such claims "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  *Id*.  In addition to this statutory requirement, courts also consider several discretionary factors to determine whether the transfer to a particular district is in the interest of "convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted).  Those factors include, among other things, the convenience and ease of access to witnesses and "sources of proof," "the location where the relevant agreements were negotiated," "the state that is most familiar with the governing law," and "the plaintiff's choice of forum." *Id.* at 498-99.

### Venue is Most Appropriate in the Southern District of Texas

The FAC makes clear that nearly all of the challenged conduct by federal employees occurred in the Southern District of Texas, McAllen Division.  Jacinto and Andrés illegally entered the United States between ports of entry and were apprehended near Hidalgo, Texas.  They were detained and separated in McAllen, Texas.  Later, Jacinto was detained at the Port Isabel Detention Center in Los Fresnos, Texas where he signed paperwork relating to his removal.  Hidalgo, McAllen, and Los Fresnos, Texas are all located within the Southern District of Texas.

Moreover, the gravamen of Jacinto and Andrés' claims – their separation – occurred at the RGV Facility in McAllen, Texas.  The FAC emphasizes that Plaintiffs seek monetary

3

compensation for the alleged harms that flowed from their separation.[1]  Because the separation of Jacinto and Andrés is the heart of their claims against the United States, transfer to the Southern District of Texas is most appropriate.  *See Spotts v. United States*, 562 F. Supp. 2d 46, 55 (D.D.C. 2008) (transferring a case to Texas where "many of the specific acts or omissions alleged" in the operable complaint "occurred within the walls of a [penitentiary facility in Texas]").[2]

Additionally, Jacinto alleges that he was "deceived" by federal officers into signing paperwork he believed was necessary for his asylum claim, but was instead used for purposes of his removal.  FAC at ¶ 120.  He further alleges that when he was taken to the airport for removal from the United States, a federal officer informed him that his son would be waiting at the airport, which was untrue.  FAC at ¶ 121.  As discussed above, these allegedly tortious acts and omissions also occurred in the Southern District of Texas, providing further support for transfer to that district.

On balance, the discretionary interests of convenience and fairness support transfer to the Southern District of Texas.  *See Jones*, 211 F.3d at 498-99.  Perhaps most importantly, most witnesses who have knowledge of Plaintiffs' separation, as well as their apprehension and detention, are located within the Southern District of Texas.  Additionally, any alleged representation to Jacinto that Andrés would be at the airport for removal from the United States, or documents related to Jacinto's "involuntary waiver of his rights," *see* FAC at ¶ 120, occurred in the Southern District of Texas.  *See Jones*, 211 F.3d at 498.

Finally, Plaintiffs' claims will be decided under Texas law.  Generally, the applicable law in an FTCA action is the law of the place where the alleged tortious act or omission

---

[1] The first paragraph of the FAC states, "[t]his action seeks damages on behalf of the immigrant children and their parents cruelly and inhumanely separated from each other."  FAC at ¶ 1.  With respect to the particular claims of Jacinto and Andrés, the FAC alleges that Jacinto and Andrés "continue to suffer from the trauma of separation." FAC at ¶ 123.

[2] In dismissing claims against the individual defendants, this Court recognized that the physical separation of parent and child, which was carried out "on the ground" at the RGV Facility, is the core of Plaintiffs' claims.  *See* ECF 76 at 15-17.

4

occurred. *See* 28 U.S.C. § 1346 (b). The court uses the choice-of-law provisions from that state to determine what substantive law applies. *See Richards v. United States*, 369 U.S. 1, 8-10 (1962). Here, Jacinto does not plead any allegedly tortious acts or omissions that occurred outside of Texas. Therefore, Texas's choice of law rules apply—and, because Texas courts look to the state with the most significant relationship in their choice-of-law analysis, the tort law of Texas applies to Jacinto's claims. *See Quicksilver Res. Inc. v. Eagle Drilling, LLC*, 792 F. Supp. 2d 948, 951 (S.D. Tex. 2011) (citing *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979)).

As for Andrés, he plead allegedly tortious acts or omissions in Texas and New York. For tort cases, New York follows the "interest analysis" test to determine the applicable law. *See GlobalNet Financial.com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 384 (2d Cir. 2015). The interest analysis test applies "the law of the jurisdiction having the greatest interest in the litigation" and looks at the location of where the tort occurred to determine which jurisdiction has the greatest interest. *See id* (citations omitted). That jurisdiction is Texas. And because Texas' choice of law rules point to Texas as the most significant relationship for Andrés' claims, both Andrés and Jacinto's claims will be decided under Texas law. Thus, it follows that the Southern District of Texas is "most familiar with the governing law." *See Barroca v. United States*, 2019 WL 5722383, at *2 (N.D. Cal. Nov. 5, 2019). Accordingly, the Southern District of Texas is the most appropriate venue for the claims of Jacinto and Andrés.

**<u>In the Alternative, Venue is Appropriate in the Northern District of Indiana</u>**

As explained above, the most appropriate venue is the Southern District of Texas. In the alternative, venue would also be appropriate in the Northern District of Indiana as both Plaintiffs reside therein. Supp. Br. at 5; FAC at ¶ 23. However, the balance of relevant discretionary factors supports transfer to the Northern District of Indiana only as a first alternative to the Southern District of Texas. While the Northern District of Indiana may be convenient for Plaintiffs, nearly all witnesses who have knowledge of Plaintiffs' separation are located in the Southern District of Texas.

Plaintiffs contend that the Northern District of Indiana would provide access to

relevant evidence that "relates to the continued impact the separation has had on Jacinto and Andrés" from "teachers, doctors, social workers, and other identifiable care providers who have interacted with the family during their years there." Supp. Br. at 6. However, because Plaintiffs were not present in the Northern District of Indiana at the time of the challenged acts or omissions, such witnesses could only speak to damages and not to the events upon which Plaintiffs' claims are based. *See Koval v. United States*, 2013 WL 6385595, at *4 (D. Ariz. Dec. 6, 2013) (granting defendant's motion to transfer where "[t]he only connection that this case has to [plaintiff's choice of venue] is that plaintiff happened to move there sometime after the events upon which his claims are based occurred").

### **Venue is Not Appropriate in the Southern District of New York**

Plaintiffs urge this Court to transfer Jacinto and Andrés' claims to the Southern District of New York. Supp. Br. at 2. Plaintiffs argue that venue is proper there under 28 U.S.C. §1402 (b) as to Andrés because "[m]uch of the harm Andrés suffered took place in the Bronx, New York, where he was held in ORR custody and required to live away from his father for several months" and as to Jacinto because "he was kept separated from his son and suffered mentally and emotionally" while Andrés was in the Bronx. Supp. Br. at 3. Regarding the discretionary factors, Plaintiffs argue that transfer to the Southern District of New York is warranted because: (1) there are currently two pending cases in the Southern District of New York arising from family separations; (2) Plaintiffs' choice of venue should be granted deference; and (3) there are a "significant number" of witnesses and documents concerning Andrés' placement within the district. *See* Supp. Br. at 3-5. However, the Southern District of New York is not an appropriate forum for Plaintiffs' claims.

Andrés' only allegation relating to his presence in the Southern District of New York pertains to his alleged lack of communication with his father while placed in foster care in the Bronx. *See* FAC at ¶ 118. To the extent that such alleged lack of communication was on account of limits imposed by his foster care placement, those limits would not give rise to a cause of action against the United States. Moreover, any allegedly tortious acts or omissions during his time in New York are tangential to the gravamen of Andrés' claims – his separation from his father – and thus venue does not most appropriately lie in New York.

6

Jacinto was never present in the Southern District of New York during the relevant time period. Thus, because it is undisputed that Jacinto does not reside in New York and was never present in New York during the relevant time period, he has no claims that can appropriately be tried in the Southern District of New York. Further, if their claims are to proceed in the same suit, because Jacinto's claims cannot proceed in the Southern District of New York, neither can Andrés'. *See Andrade v. Chojnacki*, 934 F. Supp. 817, 830-31 (S.D. Tex. 1996) (declining to allow case to proceed in a jurisdiction where venue was proper for some, but not all, plaintiffs).

Assuming only for argument's sake that venue is somehow proper in the Southern District of New York for Plaintiffs' claims, this Court should not transfer their claims there because it is not in the interest of convenience and fairness. First, the fact that there are two cases involving similar claims pending in the Southern District of New York, *D.J.C.V. v. United States*, No. 1:20-cv-05747-PAE (S.D.N.Y.), and *W.P.V. v. United States*, No. 1:21-cv-04436-JPC (S.D.N.Y.), does not counsel in favor of transfer. Importantly, contrary to Plaintiffs' assertions, although the United States has not challenged venue in *D.J.C.V.*, it never conceded it to be proper. *See D.J.C.V.*, No. 1:20-cv-05747-PAE, ECF 22. Furthermore, the allegations in *D.J.C.V.* differ from those in the instant case. While the father and son in *D.J.C.V.* unlawfully entered the United States in Texas and were separated there, both the father and son were transported to facilities within the Southern District of New York; the father was detained at a U.S. Immigration and Customs Enforcement facility in Orange County, New York, and the son was placed with Lutheran Social Services of New York in the Bronx. *See D.J.C.V.*, Compl. at ¶ 8, 14, 84, 93, 99. As for *W.P.V.*, the United States has not yet responded to the plaintiffs' complaint, and therefore, the United States has not taken a position as to whether venue for the plaintiffs' claims is proper or convenient in the Southern District of New York. *See W.P.V.*, No. 1:21-cv-04436-JPC, ECF 50 at 1 (setting the United States' deadline for responding to the complaint as May 9, 2022).[3]

---

[3] While the United States is not aware of any cases currently pending in the Southern District of Texas that arise from family separations, the United States has filed motions to transfer to the Southern District of Texas in two lawsuits involving similar claims in other districts. *See A.F.P. v. United States,* 1:21-cv-00780 (E.D. Cal.), ECF 15,

7

Plaintiffs also assert that their "choice of this venue should be accorded a high level of deference." Supp. Br. at 3. This argument is misplaced. The principle of according deference to a plaintiff's choice of forum generally only applies to a plaintiff's *first* choice of forum. *See, e.g.*, *Medford Pacific v. Danmore Const.*, Inc., 1997 WL 419280, at *2 (D. Or. July 7, 1997) (declining to give "much deference" to plaintiff's second choice of forum after venue in its first choice of forum was determined not to be proper). Here, Plaintiffs' first choice of venue was the District of Arizona, which this Court determined was improper. Order at 19. Having failed with their first choice of venue, Plaintiffs should not automatically be afforded deference for their second choice of venue, the Southern District of New York. *See Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1216 (D. Haw. 2002) ("The plaintiff's 'second choice' of forum is not automatically entitled to the same amount of deference.") Additionally, any deference afforded to Plaintiffs' choice of forum is further limited by the fact that Plaintiffs do not reside in the Southern District of New York, and "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (quoting *Fabus Corp., v. Asiana Exp. Corp.*, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001)).

### Conclusion

For the foregoing reasons, the United States respectfully requests that this Court transfer Plaintiffs Jacinto and Andrés' claims to the Southern District of Texas. In the alternative, if this Court concludes that the Southern District of Texas is not the most appropriate forum, the United States requests transfer to the Northern District of Indiana.

---

and *E.L.A. v. United States*, 2:20-cv-1524 (W.D. Wash.), ECF 15. Those motions to transfer are pending.

8

| | | |
|---|---|---|
| Dated: April 22, 2022 | | Respectfully Submitted, |

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

DEBRA R. COLETTI
Assistant Director, Torts Branch

*s/ Irina M. Majumdar*
IRINA M. MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I electronically filed the foregoing with the Clerk of Court via the Court's Electronic Filing System, which will provide electronic notification to all filing users. Any parties who are not filing users will be served with a paper copy of the foregoing by first-class mail, postage pre-paid.

/s/ *Irina M. Majumdar*
IRINA M. MAJUMDAR