BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
IRINA M. MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; J.I.S., on behalf of himself and his minor child, B.L.S.P.; and J.J.P.B., on behalf of himself and his minor child, A.E.P.F., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case No. 4:19-cv-00481-JCH <br><br> **ANSWER** |

## ANSWER TO THE FIRST AMENDED COMPLAINT

The United States of America submits the following Answer to Plaintiffs' First Amended Complaint (ECF No. 41) as follows:

### First Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### Second Defense

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  28 U.S.C. § 2680(a).

### Third Defense

Plaintiffs' claims are barred to the extent that they are based on the execution of federal statutes or regulations.  28 U.S.C. § 2680(a).

### Fourth Defense

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

### Fifth Defense

The United States, through employees, did not owe a legal duty to Plaintiffs.

### Sixth Defense

The United States, through employees, did not breach a legal duty owed to Plaintiffs.

### Seventh Defense

The United States has waived its sovereign immunity only for the actions of

"employees of the government" as defined in 28 U.S.C. § 2671.

### Eighth Defense

Acts or omissions of the United States, through employees, were not the proximate cause of injury to Plaintiffs.

### Ninth Defense

In the event the United States is found to have been negligent or otherwise wrongful, which negligence or wrongful conduct is denied, the superseding and intervening negligence or wrongful conduct of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence or wrongful conduct and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence or wrongful conduct.

### Tenth Defense

Plaintiffs' recovery of damages, if any, is limited by federal and applicable state law.

### Eleventh Defense

Plaintiffs' recovery against the United States, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies.

### Twelfth Defense

Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act.  28 U.S.C. § 2674.

### Thirteenth Defense

To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

### Fourteenth Defense

Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

### Fifteenth Defense

Under the FTCA, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances.  28 U.S.C. § 2674.

### Sixteenth Defense

To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply and liability must be apportioned or any judgment reduced as set forth under applicable state law.

### Seventeenth Defense

Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

### Eighteenth Defense

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as may be ascertained through discovery.

### Nineteenth Defense

Plaintiffs' claims are barred to the extent they are based on misrepresentations.  28 U.S.C. § 2680(h).

### Twentieth Defense

As for its twenty-first defense, the United States submits the following General Answer and Specific Answers in responses to the separate paragraphs of the Amended Complaint.

### General Answer

Plaintiffs quote various documents throughout their First Amended Complaint, including cases, media articles, and investigatory reports.  Accordingly, in the following specific answers, to the extent a paragraph cites a source solely as support for a factual allegation, the United States answers the allegation in accordance with Rule 8 by either admitting, denying, or pleading lack of sufficient information with respect to the factual allegation.  The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response.  However, to the extent a paragraph contains a factual allegation, quotes a source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes the findings or conclusions of a report, policy, or other cited source, the United States answers the allegation in

accordance with Rule 8 as part of the following specific answers to each paragraph of the

Amended Complaint.   Furthermore, insofar as there are allegations regarding the

subjective mindset, knowledge, or motivation of various Executive Branch officials and

employees, those allegations are denied throughout the Answer.  Additionally, insofar as

allegations relate to or reference the identities, ages, relationships, and nationalities of

Plaintiffs, those allegations are denied throughout the Answer on the ground that

Defendant lacks information sufficient to form a belief as to the allegations because

Plaintiffs are proceeding pseudonymously.  Admissions or denials, in full or in part, of

such allegations are qualified that the United States is answering based on its belief, but

lack of certainty, as to the identities of Plaintiffs.  Finally, the United States notes that

Plaintiffs J.J.P.B. and A.E.P.F., as well as the individual defendants, have been dismissed

from this action.  *See* ECF 77 at 19; ECF 76 at 35.  Therefore, no response as to

allegations made by J.J.P.B. and A.E.P.F., or allegations against the individual

defendants, is necessary.

## Specific Answers by Paragraph

1.     Defendant admits that this action seeks damages.  Defendant denies the remaining allegations.

2.     Defendant admits that some parents were separated from their children since 2017.  Defendant denies that no explanations were given and that no information was given to either the child or parent about each other's whereabouts.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

3.     Defendant admits that the person believed to be Jaime was eight years old

at the time of the separation and that the person believed to be Mateo was seven years old at the time of the separation. Defendant admits that the person believed to be Ana is the mother of the persons believed to be Jaime and Mateo. Defendant lacks information sufficient to form a belief as to the remaining allegations.

4.      Defendant admits that the person believed to be Karina was thirteen years old at the time of the separation. Defendant admits that the person believed to be Lorena is the mother of the person believed to be Karina. Defendant lacks information sufficient to form a belief as to the remaining allegations.

5.      Defendant admits that the person believed to be Diana was seven years old at the time of the separation. Defendant admits that the person believed to be Jorge is the father of the person believed to be Diana. Defendant lacks information sufficient to form a belief as to the remaining allegations.

6.      Defendant admits that the person believed to be Beatriz was three years old at the time of the separation. Defendant admits that the person believed to be Jairo is the father of the person believed to be Beatriz. Defendant lacks information sufficient to form a belief as to the remaining allegations.

7.      These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action. Therefore, no response is necessary.

8.      The allegation that senior governmental officials conspired together to violate the law is not a statement of fact but a conclusion of law to which no answer is required. To the extent an answer is required, Defendant denies this allegation. Defendant lacks information sufficient to form a belief as to the remaining allegations.

9.      Defendant admits that the United States is a defendant.  Defendant denies the remaining allegations.

10.     Defendant denies these allegations.

11.     The allegation that Defendant ignored its duty to care for separated families is not a statement of fact but a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies this allegation.  Defendant denies that it failed to take basic steps to protect children, maintain information on family units, or mitigate Plaintiffs' suffering while in government custody.  Defendant admits that within the United States Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP") is the entity primarily responsible for interdicting family units who illegally enter the United States.  Defendant admits that the United States Department of Health and Human Services ("HHS") and its component, the Office of Refugee Resettlement ("ORR"), are responsible for caring for minor non-citizen children after they are separated from their parents.

12.     Defendant lacks information sufficient to form a belief as to these remaining allegations.

13.     Defendant admits that the quoted words are found in the cited document.  Insofar as the quotations are allegations, Defendant lacks information sufficient to form a belief as to these allegations.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

14.     Defendant lacks information sufficient to form a belief as to the remaining allegations.

15.     The allegation that Plaintiffs suffered harm as a result of the intentional and negligent acts of U.S. government officials is not a statement of fact but a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies this allegation.  Defendant denies that U.S. governmental officials purposefully acted to inflict harm and instill terror on Plaintiffs and other Central American immigrants.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

16.     Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are allegations, Defendant lacks information sufficient to form a belief as to these allegations.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

17.     These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

18.     Defendant denies the first allegation. Defendant lacks information sufficient to form a belief as to the second allegation.

19.     Defendant admits that the persons believed to be Ana, Mateo, and Jaime are Guatemalan nationals.  Defendant admits that the person believed to be Ana is the mother of the persons believed to be Mateo and Jaime.  Defendant denies that Jaime was nine years old at the time and Mateo was ten years old at the time the First Amended Complaint was filed.   Defendant admits that the person believed to be Ana was detained in Arizona.  Defendant lacks information sufficient to form a belief as to the remaining

allegations.

20.     Defendant admits that the persons believed to be Lorena and Karina are Salvadorian nationals.  Defendant admits that the person believed to be Lorena is the mother of the person believed to be Karina.  Defendant admits that the person believed to be Karina was approximately 16 years old when the First Amended Complaint was filed. Defendant denies that the person believed to be Karina was "forcibly" separated. Defendant admits that the person believed to be Lorena was detained at a facility in Arizona.  Defendant admits that the person believed to be Karina was placed at Southwest Key Casa Kokopelli in Mesa, Arizona, and then at Cayuga Centers LTFC in New York.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

21.     Defendant admits that the persons believed to be Jorge and Diana are Honduran nationals.  Defendant admits that the person believed to be Jorge is the father of the person believed to be Diana.  Defendant admits that the person believed to be Diana was approximately nine years old when the First Amended Complaint was filed. Defendant admits that the person believed to be Diana was placed at Southwest Key facilities in Glendale and Phoenix, Arizona.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

22.      Defendant admits that the persons believed to be Jairo and Beatriz are Guatemalan nationals.  Defendant admits that the person believed to be Jairo is the father of the person believed to be Beatriz.  Defendant admits that the person believed to be Beatriz was approximately six years old when the First Amended Complaint was filed.

Defendant admits that the person believed to be Jairo was detained at a facility in Florence, Arizona.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

23.     These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

24.     Defendant admits that this action was brought by Plaintiffs.  The remaining allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

25.     These allegations are not statements of fact but conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that the United States of America is the appropriate defendant in an action brought under the Federal Torts Claim Act ("FTCA").

26.      These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

27.     Defendant admits that Jefferson Beauregard Sessions III was Attorney General from February 9, 2017 to November 7, 2018.  The remaining allegations are not statements of fact but conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to this allegation.

28.     Defendant admits that Gene Hamilton was a Counselor to Attorney General William Barr at the time the First Amended Complaint was filed.  Defendant admits that Hamilton was a Counselor to Attorney General Sessions in 2017 and that Hamilton was

previously a senior counselor to the Secretary of DHS.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

29.     Defendant admits that John F. Kelly was the White House Chief of Staff from July 31, 2017 to January 2, 2019.  Defendant admits that Kelly was Secretary of DHS from January 20, 2017 to July 31, 2017.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

30.     Defendant admits that Stephen Miller was a Senior Advisor to the President of the United States at the time the First Amended Complaint was filed.  Defendant admits that Miller had been an advisor to former President Donald Trump since January 20, 2017.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

31.     Defendant admits that Kirstjen Nielsen was Secretary of DHS from December 6, 2017 to April 10, 2019.  Defendant admits that Nielsen held prior positions as White House Principle Deputy Chief of Staff to then White House Chief of Staff John F. Kelly, and as Chief of Staff to John F. Kelly while he was Secretary of DHS.  The remaining allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

32.     Defendant admits that Kevin K. McAleenan was Acting Secretary of DHS from April 11, 2019 to November 13, 2019.  Defendant admits that McAleenan was the Acting Commissioner of CBP from January 20, 2017 to March 20, 2018 and then Commissioner of CBP from March 20, 2018 to April 11, 2019.  The remaining

allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

33.     Defendant admits that Mark Morgan was the Acting Commissioner of the CBP at the time the First Amended Complaint was filed.  Defendant admits that Morgan was Acting Director of United States Immigration and Customs Enforcement ("ICE") from May 28, 2019 to July 5, 2019.  The remaining allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

34.     Defendant admits that Thomas Homan was Acting Director of ICE from January 30, 2017 to June 29, 2018.  The remaining allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

35.     Defendant admits that Ronald D. Vitiello was Acting Director of ICE from June 30, 2018 to April 12, 2019.  Defendant admits that Vitiello was Acting Deputy Commissioner of ICE from April 25, 2017 to June 29, 2018, and Deputy Commissioner of ICE from June 30, 2018 to April 12, 2019, and Chief of the United States Border Patrol from February 1, 2017 to April 25, 2017.  The remaining allegations are not statements of fact but are conclusions of law to which no response is necessary.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

36.     Defendant denies that Matthew Albence was Acting Director of ICE at the

time the First Amended Complaint was filed.  Defendant admits that Albence was Deputy

Director of and Executive Associate Director for Enforcement and Removal Operations.

The remaining allegations are not statements of fact but are conclusions of law to which

no response is required.  To the extent a response is required, Defendant lacks

information sufficient to form a belief as to these allegations.

37.     Defendant admits that L. Francis Cissna was the Director of U.S.

Citizenship and Immigration Services ("USCIS") from 2017 to 2019.  The remaining

allegations are not statements of fact but are conclusions of law to which no response is

required.  To the extent a response is required, Defendant lacks information sufficient to

form a belief as to these allegations.

38.     Defendant admits that Carla Provost was Chief of United States Border

Patrol at CBP from August 9, 2018 to January 31, 2020.  Defendant admits that Provost

was previously the Deputy Chief of United States Border Patrol and Acting Chief of

United States Border Patrol.  The remaining allegations are not statements of fact but are

conclusions of law to which no response is required.  To the extent a response is required,

Defendant lacks information sufficient to form a belief as to these allegations.

39.     Defendant lacks information sufficient to form a belief as to these

allegations.

40.     Defendant admits that Alex Azar was Secretary of HHS at the time the First

Amended Complaint was filed.  The remaining allegations are not statements of fact but

are conclusions of law to which no response is required.  To the extent a response is

required, Defendant lacks information sufficient to form a belief as to these allegations.

41.     Defendant admits that Margaret Wynne was Counselor for Human Services Policy of HHS.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

42.     Defendant admits that E. Scott Lloyd was Director of ORR from March 2017 to November 2018.  The remaining allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

43.     Defendant lacks information sufficient to form a belief as to these allegations.

44.     Defendant lacks information sufficient to form a belief as to these allegations.

45.     These allegations relate to claims against the individual defendants, who have been dismissed from this action.  Therefore, no response is necessary.

46.     The allegation that this Court has subject matter jurisdiction is not a statement of fact but a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies this allegation.  As to the remaining allegations, because Plaintiffs are proceeding pseudonymously, Defendant lacks information sufficient to form a belief as to whether Plaintiffs submitted administrative tort claims.  The allegations regarding exhaustion of administrative remedies are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, Defendant denies these allegations.

47.     Because the individual defendants were dismissed from this case, no

response is necessary as to the allegations relating to claims against them.  The remaining allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, Defendant denies these allegations.

48.     Defendant admits these allegations.

49.     Defendant admits that the named locations are ports of entry at the Arizona border.  The remaining allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

50.     Defendant admits that the named sites are CBP Border Patrol Stations in Arizona.  The remaining allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

51.     Defendant admits that there are facilities in Arizona where non-citizens are detained.  The remaining allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

52.     Defendant admits that some unaccompanied children are placed at facilities located in Arizona.  To the extent the allegations relate to claims against the individual defendants, who were dismissed from this action, no response is necessary.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

53.     These allegations are not statements of facts but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

54.     These allegations are not statements of facts but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks

information sufficient to form a belief as to these allegations.

55.     Defendant lacks information sufficient to form a belief as to these allegations.

56.     Defendant lacks information sufficient to form a belief as to these allegations.

57.     Defendant lacks information sufficient to form a belief as to these allegations.

58.     Defendant lacks information sufficient to form a belief as to these allegations.

59.     These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

60.     These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to these allegations.

61.     Defendant admits that the persons believed to be Mateo and Jaime were seven and eight years old, respectively, when they were apprehended with the person believed to be Ana.  Defendant admits that the person believed to be Ana is the mother of the persons believed to be Mateo and Jaime.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

62.     Defendant admits that the persons believed to be Mateo, Jaime, and Ana were apprehended on May 25, 2018 near San Luis, Arizona.  Defendant lacks

information sufficient to form a belief as to the remaining allegations.

63.     Defendant admits that the persons believed to be Mateo, Jaime, and Ana were taken into CBP custody and were transported to a CBP facility for processing. Defendant lacks information sufficient to form a belief as to the remaining allegations.

64.     Defendant admits that the persons believed to be Mateo and Jaime were separated from the person believed to be Ana.  Defendant denies that the person believed to be Mateo was "tor[n]" from the person believed to be Ana.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

65.     Defendant lacks information sufficient to form a belief as to these allegations.

66.     Defendant lacks information sufficient to form a belief as to these allegations.

67.     Defendant admits that the persons believed to be Mateo and Jaime were transferred to ORR custody.  Defendant denies the second sentence of this allegation. Defendant lacks information sufficient to form a belief as to the remaining allegations.

68.      Defendant denies that the person believed to be Ana was not given an opportunity to bathe and was not given personal hygiene products for two weeks. Defendant lacks information sufficient to form a belief as to the remaining allegations.

69.     Defendant lacks information sufficient to form a belief as to these allegations.

70.     Defendant admits that the person believed to be Ana was transported to the Eloy Detention Center in Eloy, Arizona.

71.     Defendant lacks information sufficient to form a belief as to these allegations.

72.     Defendant admits that the persons believed to be Mateo and Jaime were placed in Florida.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

73.     Defendant admits that the person believed to be Ana was released on bond on July 6, 2018.  Defendant admits that the person believed to be Ana reunited with the persons believed to be Mateo and Jaime.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

74.     Defendant admits that the persons believed to be Mateo and Jaime were released to the custody of the person believed to be Ana on July 13, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

75.     Defendant admits that an immigration judge granted the person believed to be Ana asylum on March 29, 2019.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

76.     Defendant lacks information sufficient to form a belief as to these allegations.

77.     Defendant admits that a June 26, 2018 Order in *Ms. L.* ordered the reunification of some families.  Defendant denies that the only reason the person believed to be Ana was reunited with the persons believed to be Mateo and Jaime was the *Ms. L.* Order.

78.     Defendant admits that the person believed to be Karina was 16 years old at the time the First Amended Complaint was filed.  Defendant admits that the person believed to be Karina is the daughter of the person believed to be Lorena.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

79.     Defendant admits that the persons believed to be Lorena and Karina applied for admission into the United States at the DeConcini Port of Entry in Nogales, Arizona on December 22, 2017.  Defendant admits that the person believed to be Karina was 13 years old at the time.  Defendant admits that the persons believed to be Lorena and Karina were taken into CBP custody.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

80.      Defendant admits that the persons believed to be Lorena and Karina were held in detention facilities in Arizona.  Defendant denies the allegations in sentences five and seven.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

81.     Defendant lacks information sufficient to form a belief as to these allegations.

82.     Defendant lacks information sufficient to form a belief as to these allegations.

83.     Defendant lacks information sufficient to form a belief as to these allegations.

84.     Defendant lacks information sufficient to form a belief as to these allegations.

85.     Defendant admits that the person believed to be Lorena was held at the Eloy Detention Center in Eloy, Arizona for approximately three months and at the Florence Correctional Center for one night.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

86.     Defendant lacks information sufficient to form a belief as to these allegations.

87.     Defendant lacks information sufficient to form a belief as to these allegations.

88.     Defendant denies that immigration officials made misrepresentations or lied to the person believed to be Lorena.  Defendant denies that ICE officers falsely informed the person believed to be Lorena that asylum was no longer available to adults from El Salvador.  Defendant admits that the person believed to be Lorena signed English-language forms while in detention.  Defendant denies that federal officers failed to explain those forms to the person believed to be Lorena.  Defendant denies that federal officials told the person believed to be Lorena that "consenting to removal was the only path to reunification with her daughter."  Defendant admits that the person believed to be Lorena was removed to El Salvador March 21, 2018.  Defendant denies that the person believed to be Lorena's decision to consent to removal was a result of "coercion and was an involuntary waiver of her rights."  Defendant lacks information sufficient to form a belief as to the remaining allegations.

89.     Defendant admits that the person believed to be Karina was placed at Southwest Key Program's Casa Kokopelli facility in Mesa, Arizona.  Defendant admits

that the person believed to be Karina remained at Casa Kokopelli until she was transferred to Cayuga Centers Long Term Foster Care in the Bronx, New York. Defendant lacks information sufficient to form a belief as to the remaining allegations.

90.     Defendant lacks information sufficient to form a belief as to these allegations.

91.     Defendant lacks information sufficient to form a belief as to these allegations.

92.     Defendant lacks information sufficient to form a belief as to these allegations.

93.     Defendant lacks information sufficient to form a belief as to these allegations.

94.     Defendant admits that the person believed to be Diana is the daughter of the person believed to be Jorge.  Defendant admits that the person believed to be Diana was seven years old at the time she was apprehended and was nine years old at the time the First Amended Complaint was filed.  Defendant denies that the person believed to be Jorge and the person believed to be Diana indicated that they were seeking asylum upon inspection.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

95.     Defendant lacks information sufficient to form a belief as to these allegations.

96.     Defendant lacks information sufficient to form a belief as to these allegations.

1
2
3
4
5
6
7
8
9
10
11

97.     Defendant admits that the person believed to be Jorge was held at three ICE detention centers, the El Paso Service Processing Center in El Paso, Texas, the West Texas Detention Center in Sierra Blanca, Texas, and the Otero County Processing Center in Chaparral, New Mexico.  Defendant denies that the person believed to be Jorge was detained for eight weeks.  Defendant admits that the person believed to be Diana was transferred to ORR custody, placed at Southwest Key Casa Phoenix in Phoenix, Arizona. Defendant admits that the person believed to be Diana was transferred to Southwest Key Glendale in Glendale, Arizona.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

12
13

98.     Defendant lacks information sufficient to form a belief as to these allegations

14
15
16

99.     Defendant lacks information sufficient to form a belief as to these allegations

17
18
19
20

100.    Defendant admits that the persons believed to be Jorge and Diana were reunited on or around July 20, 2018.  Defendant lacks information sufficient to form a belief as the remaining allegations.

21
22

101.    Defendant lacks information sufficient to form a belief as to these allegations.

23
24
25

102.    Defendant lacks information sufficient to form a belief as to these allegations.

26
27

103.    Defendant admits that the person believed to be Beatriz is the daughter of the person believed to be Jairo.  Defendant admits that the person believed to be Beatriz

28

was three years old at the time she entered the United States.  Defendant admits that the persons believed to be Jairo and Beatriz were apprehended on December 24, 2017, near San Luis, Arizona. Defendant lacks information sufficient to form a belief as to the remaining allegations.

104.    Defendant lacks information sufficient to form a belief as to these allegations.

105.    Defendant lacks information sufficient to form a belief as to these allegations.

106.    Defendant lacks information sufficient to form a belief as to these allegations.

107.    Defendant lacks information sufficient to form a belief as to these allegations.

108.    Defendant admits that the person believed to be Jairo was detained at the Florence Detention Center in Florence, Arizona.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

109.    Defendant admits that the person believed to be Jairo was removed to Guatemala on January 19, 2018.  Defendant admits that the person believed to be Jairo signed documents relating to his removal which were in English.  Defendant admits that the person believed to be Beatriz was removed to Guatemala on or around April 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

110.    Defendant admits that the person believed to be Jairo was detained in Arizona.  Defendant admits that the person believed to be Beatriz was placed in ORR

custody, and later in foster care in New York.   Defendant lacks information sufficient to form a belief as to the remaining allegations.

111.    Defendant admits that the person believed to be Beatriz was understood to speak Mam.  Defendant admits that Mam is a Mayan language.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

112.    Defendant lacks information sufficient to form a belief as to these allegations.

113.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

114.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

115.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

116.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

117.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

118.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

119.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

120.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from

this action.  Therefore, no response is necessary.

121.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

122.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

123.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

124.    These allegations relate to J.J.P.B. and A.E.P.F., who were dismissed from this action.  Therefore, no response is necessary.

125.    Defendant admits that John Kelly was Secretary of Homeland Security in early 2017 and later served as White House Chief of Staff.  Defendant admits that Stephen Miller was a Senior Advisor to the President.  Defendant admits that Kristjen Nielsen was Chief of Staff to John Kelly for some of his tenure as Secretary of Homeland Security, and that Nielsen was later Secretary of Homeland Security.  Defendant admits that Gene Hamilton was a Counselor to Attorney General Jefferson Sessions.  Defendant admits that Lee Cissna was the Director of United States Citizenship and Immigration Services.  Defendant denies that the above named individuals began discussing family separations as a means to punish Central American immigrants and to discourage Central Americans from applying for asylum in the United States.

126.    Defendant lacks information sufficient to form a belief as to these allegations.

127.    Defendant lacks information sufficient to form a belief as to these

allegations.

128.    Defendant admits that on February 14, 2018, Commander Jonathan White was the Deputy Director for Children's Programs in the Department of Health and Human Service's Office of Refugee Resettlement.  Defendant admits that Commander White was a career officer in the U.S. Public Health Service Commissioned Corps. Defendant admits that Commander White testified before Congress that he raised concerns regarding family separation to department leadership.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

129.    Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief as to these allegations.

130.    Defendant admits that on March 6, 2017, Kelly was the Secretary of Homeland Security.  Defendant admits that on March 6, 2017, Kelly gave an interview with CNN.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

131.    Defendant lacks information sufficient to form a belief as to these allegations.

132.    Defendant lacks information sufficient to form a belief as to these allegations.

133.    Defendant admits that the President of the American Academy of Pediatrics issued a statement on May 8, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

134.   Defendant admits that Kelly testified before Congress on April 5, 2017. Defendant lacks information sufficient to form a belief as to the remaining allegations.

135.   Defendant denies that officials began a "covert 'pilot program' to test family separations." Defendant lacks information sufficient to form a belief as to the remaining allegations

136.   Defendant denies these allegations.

137.   Defendant admits that Scott Lloyd was the Director of ORR. Defendant denies the remaining allegations.

138.   Defendant admits that Maggie Wynne was a Counselor to the HHS Secretary for Human Services Policies in 2017 and 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

139.   Defendant admits that some children were separated from their parents in 2017. Defendant lacks information sufficient to form a belief as to the remaining allegations.

140.   Defendant admits that children may be transported to ORR-contracted facilities. Defendant denies that those responsible for a child's care were not informed that the child had been separated from his or her parent. Defendant lacks information sufficient to form a belief as to the remaining allegations.

141.   Defendant lacks information sufficient to form a belief as to these allegations.

142.   Defendant lacks information sufficient to form a belief as to these allegations.

143.    Defendant lacks information sufficient to form a belief as to these allegations.

144.    Defendant lacks information sufficient to form a belief as to these allegations.

145.    Defendant lacks information sufficient to form a belief as to these allegations.

146.    Defendant lacks information sufficient to form a belief as to these allegations.

147.    Defendant lacks information sufficient to form a belief as to these allegations.

148.    Defendant lacks information sufficient to form a belief as to these allegations.

149.    Defendant lacks information sufficient to form a belief as to these allegations.

150.    Defendant admits that a complaint was filed in *Ms. L.* v. *ICE*, Case 4:19-cv-00481-SHR (S.D. Cal.) on February 26, 2018.  Defendant admits that the complaint named Homan, Secretary Nielsen, Attorney General Sessions, Commissioner McAleenan, Director Cissna, Secretary Azar, and Director Lloyd as defendants in *Ms. L.* Defendant admits that in a later filing, those individuals named above were named as defendants in a class action habeas petition. Defendant lacks information sufficient to form a belief as to the remaining allegations.

151.    Defendant admits that Commissioner McAleenan and Director Cissna

submitted a memorandum to Secretary Nielsen.  Defendant lacks information sufficient to form a belief as the remaining allegations

152.    Defendant lacks information sufficient to form a belief as to these allegations.

153.    Defendant lacks information sufficient to form a belief as to these allegations.

154.    Defendant admits that agency officials discussed the topic of family separations. Defendant lacks information sufficient to form a belief as to the remaining allegations.

155.    Defendant admits that some children were separated from their parents in early 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

156.    Defendant denies these allegations.

157.    Defendant lacks information sufficient to form a belief as to these allegations.

158.    Defendant lacks information sufficient to form a belief as to these allegations.

159.    Defendant lacks information sufficient to form a belief as to these allegations.

160.    Defendant admits that on April 6, 2018, the Attorney General issued a memorandum for federal prosecutors along the Southwest border regarding "zero-tolerance" for offenses under 8 U.S.C. § 1325(a).  Defendant lacks information sufficient

to form a belief as to the remaining allegations.

161.    Defendant denies this allegation.

162.    Defendant denies that Zero Tolerance was "a pretext or cover for the goal of furthering widespread separations of Central American parents and children along the southern border."  Defendant lacks information sufficient to form a belief as to the remaining allegations.

163.    Defendant admits that some children were designated as unaccompanied alien children and placed in the custody of ORR.  Defendant denies that parents were transported to ICE custody after prosecution in order to "ensure" that they were separated from their children.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

164.    Defendant admits that a child cannot be housed in a jail with his or her parent.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

165.    Defendant lacks information sufficient to form a belief as to these allegations.

166.    Defendant lacks sufficient information to form a belief as to the allegation that governmental officials have stated that Zero Tolerance was evenhanded and was designed to prosecute anyone who illegally entered into the United States.  Defendant denies the remaining allegations.

167.    Defendant admits that a House Oversight Staff Report states that 2,231 children were separated from their parents between May 7 and June 20, 2018.  Defendant

lacks information sufficient to form a belief as to the remaining allegations.

168. Defendant denies these allegations.

169. Defendant admits that the person believed to be Lorena presented herself for inspection at a port of entry. Defendant lacks information sufficient to form a belief as to the remaining allegations.

170. The allegation that government officials were "deliberately indifferent" is a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies this allegation. Defendant denies the remaining allegations.

171. Defendant denies that DHS officials intended to punish those in their custody. Defendant lacks information sufficient to form a belief as to the remaining allegations.

172. Defendant admits that some separated children were placed in ORR custody and transported to ORR-grantee facilities throughout the country. Defendant denies that children placed in ORR custody received no explanation regarding what was going on. Defendant denies that DHS officials and employees intentionally withheld information from the children placed in ORR custody or instructed others to do the same. Defendant lacks information sufficient to form a belief as to the remaining allegations.

173. Defendant lacks information sufficient to form a belief as to these allegations.

174. Defendant admits that the July 2019 House Oversight Staff Report states that separated children were in ORR custody for on average 90 days. Defendant lacks information sufficient to form a belief as to the remaining allegations.

175.    Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, defendant lacks information sufficient to form a belief as to these allegations.  Defendant lacks information sufficient to form a belief as to these allegations.

176.    Defendant lacks information sufficient to form a belief as to these allegations.

177.    Defendant admits that the cited *Ms. L.* order instructed the government to facilitate communication between separated parents and children.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

178.    Defendant denies these allegations.

179.    Defendant denies these allegations.

180.    The allegation that parents were unlawfully denied an opportunity to seek asylum is a conclusion of law to which no answer is necessary.  To the extent an answer is required, Defendant denies this allegation.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

181.    Defendant lacks information sufficient to form a belief as to these allegations.

182.    Defendant lacks information sufficient to form a belief as to these allegations.

183.    Defendant lacks information sufficient to form a belief as to these allegations.

184.    Defendant lacks information sufficient to form a belief as to these

allegations.

185.   Defendant admits that the persons believed to be Lorena and Jairo were removed without their children.  To the extent that these allegations related to the claims of Jacinto, who was dismissed from this action, no response is necessary.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

186.   Defendant lacks information sufficient to form a belief as to these allegations.

187.   Defendant lacks information sufficient to form a belief as to these allegations.

188.   Defendant lacks information sufficient to form a belief as to these allegations.

189.   The allegation that HHS breached its duty to properly care for the children in ORR custody is a conclusion of law to which no answer is necessary.  To the extent an answer is required, Defendant denies this allegation.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

190.   Defendant lacks information sufficient to form a belief as to these allegations.

191.   Defendant lacks information sufficient to form a belief as to these allegations.

192.   Defendant lacks information sufficient to form a belief as to these allegations.

193.   Defendant lacks information sufficient to form a belief as to these

allegations.

194.    Defendant lacks information sufficient to form a belief as to these allegations.

195.    Defendant lacks information sufficient to form a belief as to these allegations.

196.    Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief as to these allegations.

197.    The allegation that Directory Lloyd was part of a conspiracy is a conclusion of law to which not response is required.  To the extent and answer is required, Defendant denies this allegations.  Defendant denies the remaining allegations.

198.    The allegations that Director Lloyd and other HHS officials deliberately, or knowingly and recklessly, failed to engage emergency planning teams or respond to the changing demographics of unaccompanied children is a conclusion of law to which no answer is necessary.  To the extent an answer is required, Defendant denies this allegation.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

199.    Defendant lacks information sufficient to form a belief as to these allegations.

200.    Defendant lacks information sufficient to form a belief as to these allegations.

201.    Defendant denies that HHS and ORR employees failed to inform facilities

that children in their care had been separated from their parents.  Defendant admits that the quoted words are found in the cited document.  Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief as to these allegations.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

202.    Defendant admits that the quoted words are found in the cited document.  Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief as to these allegations.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

203.    Defendant denies that none of the facilities were warned about the separations.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

204.    Defendant lacks information sufficient to form a belief as to these allegations.

205.    Defendant denies that foster families were not told that children had been separated from their parents.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

206.    Defendant lacks information sufficient to form a belief as to the remaining allegations.

207.    The allegation that DHS and HHS employees ordered, facilitated, and executed separations with deliberate indifference to the importance of children's medical histories is a conclusion of law to which no answer is necessary.  To the extent an answer

is required, Defendant denies this allegation.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

208.    Defendant lacks information sufficient to form a belief as to these allegations.

209.    Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief.

210.    Defendant lacks information sufficient to form a belief as to these allegations.

211.    Defendant lacks information sufficient to form a belief as to these allegations.

212.    Defendant lacks information sufficient to form a belief as to these allegations.

213.    Defendant lacks information sufficient to form a belief as to these allegations.

214.    Defendant admits that the quoted words are found in the cited documents. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

215.    Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief.  Defendant lacks information sufficient to form a belief as to

the remaining allegations.

216.    Defendant lacks information sufficient to form a belief as to these allegations.

217.    Defendant admits that the quoted words are found in interview transcripts of the cited interviews.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

218.    Defendant admits that the quoted words are found in the testimony transcripts.  Defendant admits that the quoted words are found in a Twitter post. Defendant lacks information sufficient to form a belief as to the remaining allegations.

219.    Defendant admits that President Trump issued an Executive Order on June 20, 2018, entitled "Affording Congress an Opportunity to Address Family Separation." Defendant lacks information sufficient to form a belief as to the remaining allegations.

220.    Defendant denies that reunifications occurred only after a federal judge in the *Ms. L.* litigation ordered the government to reunite separated families.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

221.    Defendant denies that on July 26, 2018, the federal court in *Ms. L.* issued a preliminary injunction.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

222.    Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

223.   Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

224.   Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

225.   Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief.

226.   Defendant admits that on December 12, 2018, ORR reported to the *Ms. L.* court that it had identified more than 2,800 children believed to have been separated from their parents.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

227.   The allegation that families remain unlawfully separated is a conclusion of law to which no response is required.  To the extent an answer is required, Defendant lacks information sufficient to form a belief as to this allegation.  Defendant denies that separations were not recorded anywhere.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

228.   Defendant lacks information sufficient to form a belief as to these allegations.

229.   Defendant admits that some children who were separated from their parents were designated as unaccompanied children.  Defendant denies that familial relationships of separated children and parents were excluded from the individuals' records. Defendant denies that DHS and HHS erased their separations.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

230.   Defendant denies that the quoted words are found in the cited document. Defendant lacks information sufficient to form a belief as to the remaining allegations.

231.   Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief.  Defendant denies the remaining allegations.

232.   Defendant lacks information sufficient to form a belief as to these allegations.

233.   Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief as to these allegations.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

234.   Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief as to these allegations.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

235.   Defendant denies the allegations in the first sentence.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

236.    Defendant admits that some parents and children entering the United States at the time the First Amended Complaint was filed may have been separated.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

237.    Defendant lacks information sufficient to form a belief as to these allegations.

238.    Defendant lacks information sufficient to form a belief as to these allegations.

239.    Defendant admits that Hastings testified before the House Judiciary Committee.  Defendant denies that Hastings testified that a child had been separated based on a parent's HIV status.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

240.    Defendant admits that the quoted words are found in the cited document. Insofar as the quotations are intended to be allegations, Defendant lacks information sufficient to form a belief as to these allegations.

241.    Defendant admits that the President Trump responded to questions from reporters with the quoted words.  Defendant admits that President Trump posted the quoted words on Twitter.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

242.    Defendant denies the allegations regarding the "Conspiracy Defendants". Defendant lacks information sufficient to form a belief as to the remaining allegations.

243.    Defendant denies this allegation.

244.    Defendant lacks information sufficient to form a belief as to the remaining

allegations.

245.   Defendant lacks information sufficient to form a belief as to these allegations.

246.    Defendant lacks information sufficient to form a belief as to these allegations.

247.   Defendant lacks information sufficient to form a belief as to these allegations.

248.   Defendant admits that former President Trump has spoken publicly about MS-13.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

249.    Defendant lacks information sufficient to form a belief as to these allegations.

250.   Defendant lacks information sufficient to form a belief as to these allegations.

251.   Defendant lacks information sufficient to form a belief as to these allegations.

252.   Defendant lacks information sufficient to form a belief as to these allegations.

253.   Defendant lacks information sufficient to form a belief as to these allegations.

254.   Defendant admits that Miller served as a Senate aide to former Attorney General Sessions.  Defendant lacks information sufficient to form a belief as to the

remaining allegations.

255.   Defendant denies these allegations.

256.   Defendant admits that Kevin McAleenan was a former CBP Commissioner and Mark Morgan was the CBP Commissioner at the time the First Amended Complaint was filed.  Defendant denies that bigotry is pervasive among CBP agents.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

257.   Defendant lacks information sufficient to form a belief as to these allegations.

258.   Defendant lacks information sufficient to form a belief as to these allegations.

259.   Defendant lacks information sufficient to form a belief as to these allegations.

260.   Defendant lacks information sufficient to form a belief as to these allegations.

261.   Defendant lacks information sufficient to form a belief as to these allegations.

262.   Defendant lacks information sufficient to form a belief as to these allegations.

263.   Defendant lacks information sufficient to form a belief as to these allegations.

264.   Defendant lacks information sufficient to form a belief as to these allegations.

265.    Defendant lacks information sufficient to form a belief as to these allegations.

266.    Defendant lacks information sufficient to form a belief as to these allegations.

267.    Defendant lacks information sufficient to form a belief as to these allegations.

268.    Defendant lacks information sufficient to form a belief as to these allegations.

269.    Defendant lacks information sufficient to form a belief as to these allegations.

270.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

271.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

272.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

273.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

274.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

275.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

276.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

277.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

278.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

279.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

280.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

281.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

282.     This allegation is not an allegation of fact to which a response is required. To the extent an answer is required, Defendant denies this allegation.

283.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

284.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

285.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

286.     These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

287.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

288.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

289.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

290.    These allegations relate to claims against the individual defendants, who were dismissed from this action. Therefore, no response is necessary.

291.    These allegations related to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

292.    This allegation relates to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

293.    This allegation is not an allegation of fact to which a response is required. To the extent an answer is required, Defendant denies this allegation.

294.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

295.    This allegation relates to claims against the individual defendants, who were dismissed from this action. Therefore, no response is necessary.

296.    This allegation relates to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

297.    This allegation relates to claims against the individual defendants, who

were dismissed from this action.  Therefore, no response is necessary.

298.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

299.    These allegations relate to claims against the individual defendants, who were dismissed from this action. Therefore, no response is necessary.

300.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

301.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

302.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

303.    This allegation is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies this allegation.

304.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

305.    This allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

306.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

307.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

308.    These allegations relate to claims against the individual defendants, who

1   were dismissed from this action.  Therefore, no response is necessary.

2        309.   These allegations relate to claims against the individual defendants, who

3   were dismissed from this action. Therefore, no response is necessary.

4        310.   These allegations relate to claims against the individual defendants, who

5

6   were dismissed from this action. Therefore, no response is necessary.

7        311.   These allegations relate to claims against the individual defendants, who

8   were dismissed from this action. Therefore, no response is necessary.

9        312.   This allegation is not an allegation of fact to which a response is required.

10

11   To the extent a response is required, Defendant denies this allegation.

12        313.   These allegations relate to claims against the individual defendants, who

13   were dismissed from this action. Therefore, no response is necessary.

14        314.   These allegations relate to claims against the individual defendants, who

15

16   were dismissed from this action. Therefore, no response is necessary.

17        315.   These allegations relate to claims against the individual defendants, who

18   were dismissed from this action. Therefore, no response is necessary.

19        316.   These allegations relate to claims against the individual defendants, who

20

21   were dismissed from this action.  Therefore, no response is necessary.

22        317.   These allegations relate to claims against the individual defendants, who

23   were dismissed from this action.  Therefore, no response is necessary.

24        318.   These allegations relate to claims against the individual defendants, who

25

26   were dismissed from this action.  Therefore, no response is necessary.

27        319.   These allegations relate to claims against the individual defendants, who

28

were dismissed from this action.  Therefore, no response is necessary.

320.   This allegation is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies this allegation.

321.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

322.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

323.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

324.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

325.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

326.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

327.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

328.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

329.   This allegation is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies this allegation.

330.   These allegations relate to claims against the individual defendants, who

were dismissed from this action.  Therefore, no response is necessary.

331.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

332.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

333.   These allegations relate to claims against the individual defendants, who were dismissed from this action. Therefore, no response is necessary.

334.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

335.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

336.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

337.   These allegations relate to claims against the individual defendants, who were dismissed from this action. Therefore, no response is necessary.

338.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

339.   This allegation is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies this allegation.

340.   These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

341.   These allegations relate to claims against the individual defendants, who

were dismissed from this action.  Therefore, no response is necessary.

342.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

343.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

344.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

345.    This allegation is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies this allegation.

346.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

347.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

348.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

349.    These allegations relate to claims against the individual defendants, who were dismissed from this action.  Therefore, no response is necessary.

350.    This allegation is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies this allegation.

351.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

352.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

353.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

354.    This allegation is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies this allegation.

355.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

356.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

357.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

358.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

359.    This allegation is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies this allegation.

360.   These allegations are not statements of fact but conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

361.   These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

362.   These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

**Prayer for Relief**

Plaintiffs' prayer for relief requires no response, but Defendant denies that Plaintiffs are entitled to any relief sought from the United States in Plaintiffs' First Amended Complaint.

Dated: April 28, 2022                    Respectfully Submitted,


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

*s/Irina M. Majumdar*
IRINA M. MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
PHILLIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883

E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.


*s/Irina M. Majumdar*
IRINA M. MAJUMDAR
Attorney for United States of America