BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
IRINA M. MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; J.I.S., on behalf of himself and his minor child, B.L.S.P.; and J.J.P.B., on behalf of himself and his minor child, A.E.P.F<br><br>Plaintiffs,<br><br>v.<br><br>Jefferson Beauregard Sessions III, et al.,<br><br>Defendant. | Case No. 4:19-cv-00481-JCH<br><br>**MOTION TO CONSOLIDATE CASES FOR COMMON POLICY-BASED DISCOVERY ONLY** |

Defendant, the United States of America, pursuant to Fed. R. Civ. P. 42(a), and LRCiv 42.1(a), (b) moves this Court for an order consolidating this action with *C.M. v. United States*, No. 2:19-cv-05217, and *A.P.F. v. United States*, No. 2:20-cv-00065, for the sole purpose of coordinating policy-based discovery common to each case, to include the

national-level policy-related discovery directed at high level government officials, as well as the implementation of such policies by officials and employees of Border Patrol Sectors, Immigration and Customs Enforcement (ICE) Field Offices, and U.S. Attorney's Offices. As explained below, while the specific factual issues concerning the Plaintiffs in this case differ in some respects from those in *C.M.* and *A.P.F.*, the common allegations concerning policy-related decisions by high-ranking officials within the U.S. Department of Homeland Security (DHS), U.S. Department of Health and Human Services (HHS), and U.S. Department of Justice (DOJ), present the opportunity for consolidated, uniform discovery with respect to document discovery and depositions of high-ranking federal officials, as well as officials and employees at the Border Patrol Sectors, ICE Field Offices, and U.S. Attorney's Offices, that would avoid unnecessary duplication of judicial resources, conflicting discovery rulings, and delay in completing litigation in all matters. The United States therefore requests that a single judicial officer preside over discovery issues common to all cases, with each suit remaining with its assigned district court judge for all other matters, including discovery pertaining to the individual plaintiff(s) in each case, dispositive motions, and trial. This motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

This is an action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, seeking monetary damages for alleged injuries caused by Defendant's implementation of policies to refer adult noncitizens for prosecution, and subsequent detention, for illegal entry at the United States-Mexico border, resulting in the separation of parents and children (the "Family Separation Cases"). This Court has noted:

> . . .there is overlap between [Family Separation Cases] and both C.M. and A.P.F. . . . The Court recognizes that [the] cases involve similar causes of action, share a common defendant, and at least generally arise from the same event—the Government's promulgation and implementation of the Family Separation Policy at the United States' southern border. However, there are also substantial differences between the cases, both factually and legally. For example, the specific facts surrounding the separations and alleged mistreatment that occurred in each case are unique.

*B.A.D.J. v. United States*, No. 2:21-cv-00215-SMB, Doc. 48 (April 21, 2022). It is the common, and overlapping, discovery with respect to the national, policy-related decision-making of senior government officials, as well as the implementation of those policies by officials and employees with the Border Patrol Sectors, ICE Field Offices, and U.S. Attorney's Offices, that the United States believes would be best handled by a single judicial officer in these cases.

I.  **Consolidation for the limited purpose of policy-based discovery common to the Family Separation Cases would avoid unnecessary costs, duplication of efforts, and inconsistent results.**

District courts have broad discretion under Fed. R. Civ. P. 42(a) to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Rule 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Consolidation should be used to "eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). Consolidation provides convenience for the court and saves time and expense to the parties. *Hall v. Hall*, 138 S. Ct. 1118, 1126 (2018). Under this rule, "one or many or all of the phases of the several actions may be merged. But merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Id.* at 1130 (quoting 3 J. Moore & J. Friedman, Moore's Federal Practice § 42.01, pp. 3050–3051 (1938)).

Under Rule 42(a), district courts "may consolidate cases for purposes of discovery and pre-trial proceedings only." *Chelsea, LLC v. Regal Stone, Ltd.*, No. 07-5800 SC, 2009 WL 250479, at *2 (N.D. Cal. Feb. 3, 2009); *Disc. Bank & Tr. Co. v. Salomon Inc.*, 141 F.R.D. 42, 43 (S.D.N.Y. 1992) ("Rule 42(a) empowers this Court to order consolidation of these actions for pretrial purposes.") (citing *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir.

1958). "[C]onsolidation" for such purposes "is not precluded when cases are at different stages of discovery." *See Blasko v. Washington Metro. Area Transit Auth.*, 243 F.R.D. 13, 16 (D.D.C. 2007).

Despite the noticeable, fact-based differences between the Plaintiffs in this matter and those in *C.M.* and *A.P.F.*, all plaintiffs challenge Defendant's implementation of policies to refer adult noncitizens for prosecution, and subsequent detention, for illegal entry at the United States-Mexico border, resulting in the separation of parents and children. These allegations do not concern the treatment of any specific plaintiff, but instead center on the common, policy-related decision-making of high-ranking federal officials, and the implementation of those policies by officials and employees with the Border Patrol Sectors, ICE Field Offices, and U.S. Attorney's Offices, that were not particularized to individual migrants. For this common, policy-based discovery, plaintiffs from each case will necessarily need to depose the same policy-level federal officials and obtain the same non-individualized documentary evidence. The parties will benefit from uniform discovery rulings across all cases. Permitting a single judicial officer to oversee this common discovery would allow all parties to benefit from uniform implementation of a discovery plan; consistent rulings regarding privilege and other issues; and coordination of depositions and discovery regarding identical topics. For these reasons, "[c]onsolidation for discovery" will also "promote judicial efficiency and eliminate duplication of discovery and motion practice by the parties." *Blagg v. Line*, No. 09CV0703, 2010 WL 3893981, at *1-2 (N.D. Okla. Sept. 23, 2010); *see also Erie Ins. Prop. & Cas. Co. & United Fin. Cas. Co.*, No. 1:16CV195, 2017 WL 11297277, at *2 (N.D. W. Va. May 17, 2017) (consolidating actions "for discovery purposes only," finding "consolidation will promote judicial economy," avoid "duplicative efforts to uncover the same set of facts," and "[e]stablishing all factual issues in one set of discovery and deposing witnesses one time . . . will avert the risk of inconsistent adjudications based on inconsistent facts"); *Rishell v. Computer Scis. Corp.*, No. 1:13-CV-931, 2014 WL 11515835, at *1 (E.D. Va. Apr. 4, 2014) (consolidating cases for "the purposes of discovery and pre-trial practice," finding cases "will likely involve deposing the

same witnesses, involve the same defendant, and exploring the same defenses"); *Beaulieu Grp. LLC v. Mohawk Carpet Distribution, Inc.*, No. 4:15-CV-0124-HLM, 2016 WL 4607879, at *2 (N.D. Ga. Jan. 4, 2016) (consolidating cases for "discovery and pretrial purposes" where the "witnesses and custodians of documents will be similar in each case" and "consolidating the two cases could save the Court significant time as similar motions and disputes may arise in each case"); *Fed. Ins. Co. v. Banyon 1030-32, LLC*, No. 8:10-CV-1422-T-33AEP, 2010 WL 3212119, at *1 (M.D. Fla. Aug. 12, 2010) (finding consolidation "for purposes of discovery . . . appropriate" where it "will lessen the burden on the parties, witnesses, . . . available judicial resources," and "help eliminate unnecessary repetition and confusion"); *Lemons v. Bd. of Cty. Comm'rs of Cty. of Brown*, No. CIV. A. 00-2292-KHV, 2001 WL 395395, at *1-2 (D. Kan. Mar. 30, 2001) (consolidating cases "for purposes of discovery" where cases "require[d] the same discovery," subject to differences specific to each individual plaintiff, and absent consolidation witnesses would be subjected to multiple, duplicative depositions).

Notably, the United States does not seek to burden a single judge with the entirety of these (and any forthcoming) cases arising from the separations of families at the United States-Mexico border. The United States instead proposes a mechanism to streamline issues common to all such cases while allowing the district court judges assigned to each case to retain control over all other matters, including discovery related to the individual plaintiffs as well as all dispositive issues in each action.

**II. Alternatively, the Court may consider appointing a special master to handle policy-based discovery common to the Family Separation Cases.**

Although the United States believes that consolidating this suit with *C.M.* and *A.P.F.* for policy-based discovery common to all Family Separations Cases would be the most efficient and least burdensome means of ensuring consistency across such cases, this Court also might consider appointment of a special master. LRCiv 53.1 permits this Court to appoint a Magistrate Judge to serve as a Special Master in any civil case in accordance with Rule 53 of the Federal Rules of Civil Procedure. *See also* 28 U.S.C. § 636(b)(2). The United States proposes use of LRCiv 53.1 in these matters as an alternative option as a means of

accomplishing the same ends of consistency of common discovery, minimization of burden, and preservation of resources across Family Separations Cases.

The United States further informs this Court that it intends to file a similar motion, at the appropriate time, in the following Family Separations Cases in this district in an effort to streamline common discovery issues. Fed. R. Civ. P. 1. *B.A.D.J. v. United States*, No. 2:21-cv-00215-SMB; *E.S.M. v. United States*, No. 4:21-cv-00029-JAS; and *Fuentes-Ortega v. United States*, No. 2:22-cv-00449-DGC.

The undersigned conferred with opposing counsel in this case, who do not consent to the relief sought in this filing.[1]

The undersigned also conferred with counsel for Plaintiffs in the *C.M.* and *A.P.F.* matters, who stated they oppose the motion.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court issue an order consolidating this matter with *C.M. v. United States*, No. 2:19-cv-05217 and *A.P.F. v. United States*, No. 2:20-cv-00065 for the sole purpose of coordinating policy-based discovery common to each case.

RESPECTFULLY SUBMITTED this 14th day of June, 2022.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

*s/Phil MacWilliams*
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888

---

[1] A motion to consolidate common policy-based discovery was filed in *F.R. v. United States*, Case No. CV-21-00339-PHX-DLR (D. Ariz.) (ECF No. 55). The Plaintiffs in that action did not oppose the motion to consolidate.

Washington, DC 20044
Telephone: (202) 616-4285

Attorneys for United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Phil MacWilliams*
PHILIP D. MACWILLIAMS
Attorney for United States of America