Jacqueline P. Rubin (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Lee Gelernt (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Attorneys for Plaintiffs

*(Additional Counsel for Plaintiffs Listed on Signature Page)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.I.I.L., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Jefferson Beauregard Sessions III, *et al.*, <br><br> Defendants. | No. CV-19-00481-TUC-JCH <br><br> **PLAINTIFFS' OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT** |

1 Individual Defendants' request for a Rule 54(b) judgment should be denied. Plaintiffs asserted claims against the Individual Defendants and the United States, all arising from the government's forcible separation and detention of immigrant families. *See* Dkt. 41.  On March 31, 2022, this Court dismissed the constitutional and statutory claims against the Individual Defendants, *see* Dkt. 76, and largely denied the motion to dismiss the FTCA claims against the United States, *see* Dkt. 77.  Now—nearly four months after the dismissal order and at the outset of FTCA fact discovery—Individual Defendants move for entry of partial final judgment in accordance with Rule 54(b), which would trigger the deadline for Plaintiffs' appeal.  *See* Mot. at 1, 5.  The Court should reject this request.

The Ninth Circuit and this Court have long held that entry of judgment pursuant to Rule 54(b) is appropriate only in special circumstances and only for just cause.  *See, e.g., Wood* v. *GCC Bend, LLC*, 422 F.3d 873, 878–79 (9th Cir. 2005); *Gonzalez* v. *U.S. Hum. Rts. Network*, No. CV-20-00757-PHX-DWL, 2021 WL 1312553, at *2 (D. Ariz. Apr. 8, 2021).  Individual Defendants fail to carry their burden to show that justice would be served by entry of a partial final judgment as to the Individual Defendants.  The claims asserted against the Individual Defendants and the United States are premised on nearly identical allegations, and partial final judgment would waste judicial resources and force the Ninth Circuit to consider related issues in piecemeal appeals.  This analysis is unchanged by Individual Defendants' baffling argument that partial final judgment would streamline FTCA fact discovery given that Individual Defendants (who, as the United States admits, are relevant witnesses in connection with Plaintiffs' FTCA claims, *see* U.S. Mot. to Consolidate for Discovery, Dkt. 92 at 1–2) intend to contest discovery on the grounds of qualified immunity.  Because any appeal of the qualified immunity dismissal will likely continue past the close of fact discovery, Individual Defendants will no doubt assert qualified immunity even if this Court enters partial final judgment.  Finally, the equities weigh heavily against partial final judgment.  Individual Defendants face no real hardship

in following the standard litigation timeline and waiting for final judgment after all claims in this action have been adjudicated. In contrast, Plaintiff families are still contending with the continuing impact of the federal government's intentional decision to tear them apart. In seeking partial final judgment, Individual Defendants compound these burdens by unnecessarily forcing Plaintiffs to simultaneously litigate their appeal in the Ninth Circuit and proceed with FTCA fact discovery in this Court.

## ARGUMENT

The Ninth Circuit has repeatedly instructed that entry of judgment pursuant to Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879 (reversing a district court's entry of partial final judgment under Rule 54(b)); *see also Gausvik* v. *Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) (instructing that Rule 54(b) "should be used sparingly"). A Rule 54(b) partial judgment permits appeal before a court has finally disposed of all claims and thus is proper only in the "unusual case in which the costs and risks of . . . overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co.* v. *Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Where partial final judgment would result in "piecemeal appeals," entry of partial final judgment is inappropriate. *McIntyre* v. *United States*, 789 F.2d 1408, 1410 (9th Cir. 1986) (quoting *Curtiss–Wright Corp.* v. *Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)).

Individual Defendants—the parties "endeavoring to obtain Rule 54(b) certification"—bear the burden to demonstrate that certification is warranted. *Braswell Shipyards, Inc.* v. *Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citation omitted). This is an ordinary case in which Plaintiffs seek damages under multiple theories of liability against different defendants premised on the same factual allegations. Individual Defendants fail to carry their burden to show injustice absent entry of judgment pursuant to Rule 54(b).

*First*, Individual Defendants are incorrect that the dismissed claims are "separable" from the remaining FTCA claims because they purportedly involve "distinct points of law" and therefore would not trigger piecemeal appeals. Mot. at 4 (citation omitted). It is well-settled that Rule 54(b) certification is improper where the resolved and pending claims "stem[] largely from the same set of facts." *Wood*, 422 F.3d at 880; *see also Okla. Tpk. Auth.* v. *Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (explaining that Rule 54(b) preserves a policy against piecemeal appeals in part in order to "relieve[] appellate courts of the need to repeatedly familiarize themselves with the facts of a case"); *Sussex Drug Prods.* v. *Kanasco, Ltd.,* 920 F.2d 1150, 1156 (3d Cir. 1990) ("The interlocking factual relationship of the various counts leading to the likelihood that a subsequent appeal would again seek review of the issues presented here also suggests that it was not in the interests of sound judicial administration for the district court to certify this judgment as final."). As this Court has previously observed, the Ninth Circuit's overloaded docket means it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Gomez* v. *EOS CCA*, No. CV18-02740-PHX-JAT (DMF), 2020 WL 4673167, at *2 (D. Ariz. Aug. 12, 2020) (quoting *Wood*, 422 F.3d at 882).

Individual Defendants concede that "all of the claims here arise from the same general factual circumstances." Mot. at 5. They argue instead that the factual overlap between the claims is imperfect and that the elements of Plaintiffs' claims against them require a showing that would not be required for the claims against the United States. Mot. at 6. But "the appropriate focus under Rule 54(b) is less on whether the claims might involve different legal concepts and more on whether claims arise from the same set of facts." *Gomez*, 2020 WL 4673167, at *2 n.1; *see also Jewel* v. *NSA*, 810 F.3d 622, 628 (9th Cir. 2015); *First Amendment Coal. of Ariz., Inc.* v. *Ryan*, No. CV-14-01447-PHX-

- 3 -

NVW, 2016 WL 4236373, at *2 (D. Ariz. Aug. 10, 2016) (denying Rule 54(b) motion because distinct constitutional claims involved common and intersecting facts).

Here, there is no question that the claims arise from the same set of facts. Each FTCA cause of action in Plaintiffs' Amended Complaint incorporates by reference the same factual allegations supporting the claims against the Individual Defendants. *See* Dkt. 41 ¶¶ 282, 293, 303, 312, 320, 329, 339, 345, 350–51, 354–55, 359–60. And in its decisions addressing the Individual Defendants' and the United States' motions to dismiss, this Court recognized the common factual circumstances underlying all of Plaintiffs' claims. *See* Dkt. 77, Denial of FTCA Mot. to Dismiss at 2 n.4 ("For a brief synopsis on each family's claim see the Court's Order resolving [Individual] Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim."). Because the claims against Individual Defendants arise from the same set of facts, partial final judgment should not be entered here. *See Universal Clearing Sols. LLC* v. *USA Techs. Inc.*, No. CV-15-00036-TUC-RCC, 2016 WL 11593114, at *2 (D. Ariz. Apr. 13, 2016) (declining to enter partial final judgment under Rule 54(b) where all causes of action in the complaint incorporated the same factual allegations).

Moreover, Plaintiffs' FTCA claims are premised on conduct by federal employees and officers *including* Individual Defendants. *See, e.g.*, Am. Compl. ¶ 351 ("By engaging in the acts described in this Complaint, the Individual Defendants and other federal employees, officers, and officials referenced above engaged in extreme and outrageous conduct with intent or reckless disregard for the probability of causing Plaintiffs severe emotional distress."). Plaintiffs allege that the Individual Defendants developed and implemented a scheme to forcibly separate and detain immigrant families. That scheme self-evidently relates to the actions taken by the federal officers—many of whom were direct or indirect subordinates of Individual Defendants—that actually separated and detained Plaintiff families. In any event, the overlap among the legal issues in the

dismissed and pending claims is not insubstantial. For example, whether the actions of federal officials violated the U.S. Constitution is relevant both to the determination of whether a *Bivens* cause of action exists and whether the discretionary function exception to the FTCA applies. Dkt. 77 at 6 ("Because constitutional violations are not subject to discretion, the discretionary function exception does not apply.").[1]

*Second*, Individual Defendants erroneously contend—based on a single illogical example—that Rule 54(b) certification would "streamline" the resolution of the remaining issues. Mot. at 6. In particular, Individual Defendants suggest that, as FTCA discovery moves forward, they may "mov[e] to stay any discovery involving them personally" on qualified immunity grounds until their qualified immunity defense is "finally resolved." *Id*. But entry of partial final judgment will not "finally resolve[]" their defense; it will only trigger Plaintiffs' appeal. Given that appeals take time, particularly in the Ninth Circuit, *see Gomez*, 2020 WL 4673167, at *2, the question of whether this Court's decision on Individual Defendants' qualified immunity defense will be affirmed or reversed on appeal will remain unresolved while discovery on Plaintiffs' FTCA claims proceeds in this Court. Because Individual Defendants take the position that their participation in discovery is predicated on finality, they will likely attempt to "complicate or delay discovery" even in the event of a Rule 54(b) certification, unless Plaintiffs voluntarily dismiss them or forgo an appeal. Mot. at 7. Plaintiffs are not prepared to take those steps, nor should they be pressured to do so.

In any event, contrary to Individual Defendants' assertions, there is no reason for them to complicate or delay discovery on the basis of qualified immunity to potential statutory claims. Although it is premature to resolve the issue here, courts regularly hold

---

[1] Individual Defendants' reliance on *Int'l Longshore & Warehouse Union* v. *ICTSI Oregon, Inc.*, 863 F.3d 1178, 1185–86 (9th Cir. 2017), is inapposite. *See* Mot. at 4. That case involved labor and antitrust law, and the Court certified under Rule 54(b) the dismissal of defendants' antitrust *counterclaims*, not the dismissal of plaintiffs' claims.

- 5 -

that discovery focused on FTCA claims—or on other claims for which qualified immunity is no defense—can be taken against an individual defendant asserting qualified immunity. *See, e.g.*, *Mendia* v. *Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *5 (N.D. Cal. June 14, 2016) (partially staying discovery against defendants as to the *Bivens* claims but allowing discovery against them with respect to the FTCA claims); *Martin* v. *Naval Criminal Investigative Serv.*, No. 10-CV-1879-WQH (MDD), 2013 WL 2896879, at *11 (S.D. Cal. June 11, 2013) (holding that individual defendants could be deposed on the FTCA claims even if qualified immunity applied); *Galarza* v. *Szalczyk*, Nos. 10-CV-6815, 11-CV-4988, 2012 WL 627917, at *3 (E.D. Pa. Feb. 28, 2012) (allowing discovery pending defendants' motion to dismiss based on qualified immunity because the defendants would need to participate in FTCA discovery in any event).[2] Thus, whether or not the Individual Defendants will have to face the *Bivens* and statutory putative class action claims in the future, they would have no basis for resisting third-party discovery related to Plaintiffs' FTCA claims.

---

[2] *See also Sweet* v. *City of Mesa*, No. CV-17-00152-PHX-GMS, 2018 WL 3633745, at *2 (D. Ariz. July 31, 2018) (holding that "[b]ecause [individual defendant] may be called to act as a witness and has state law claims pending that are unaffected by his qualified immunity appeal, discovery related to these claims must continue"); *In re Flint Water Cases*, 960 F.3d 820, 827–28 (6th Cir. 2020) (concluding individual defendants were unlikely to succeed on their appeal of a district court order permitting discovery from individual defendants as non-party fact witnesses related to claims against different defendants); *Alice L.* v. *Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (holding that a district court's denial of qualified immunity did not "divest [it] of jurisdiction to compel defendant's compliance with discovery requests made related to Title IX claim"); *Sanchez v. City & Cnty. of Denver, Colorado*, No. 19-CV-02437-DDD-NYW, 2020 WL 924607, at *4 (D. Colo. Feb. 26, 2020) (denying stay of discovery where any concerns about sparing officials the burden of discovery were belied by the fact that plaintiffs' federal claims would proceed through discovery as to other defendants); *Harris* v. *City of Balch Springs*, 33 F. Supp. 3d 730, 733 (N.D. Tex. 2014) ("The court can think of no legal reason why discovery and pretrial matters may not proceed [against defendant] with respect to [claims asserted against the City]. . . . [E]ven if the Fifth Circuit were to grant [defendant] qualified immunity . . . he would necessarily be required to testify on behalf of the City regarding [those claims]."); *Seeds of Peace Collective v. City of Pittsburgh*, No. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010) (denying stay where individual defendants would have to participate in discovery as material witnesses and stay would therefore not protect them from burdens of litigation); *S.D. v. St. Johns County School Dist.*, No. 09–250, 2009 WL 4349878, at *4–5 (M.D. Fla. Nov. 24, 2009) (holding that, where claims against certain defendants have survived the motion to dismiss stage, there is no need to stay all discovery pending the resolution of other defendants' motion to dismiss based on qualified immunity).

None of the cases Individual Defendants cite granted a stay of discovery in circumstances like those here, where a party's motion to dismiss was *granted* but there are additional claims for which a party has relevant discoverable information as a third party. *See* Mot. at 7. It is easy to understand why. Individual Defendants would not be prejudiced by providing third-party discovery, which the United States concedes is relevant to the FTCA claims, *see* U.S. Mot. to Consolidate for Discovery, Dkt. 92 at 1–2. This is so regardless of the outcome of any appeal on the class action claims: If those claims are deemed viable by the Ninth Circuit, then the only additional discovery Plaintiffs need take, if any, would be that which is relevant to the class action claims but not the FTCA claims. If the Ninth Circuit affirms this Court's judgment, or if Plaintiffs do not bring an appeal because they are satisfied with the result on the FTCA claims, then Individual Defendants will have been subjected only to the discovery necessary to adjudicate the FTCA claims.

Individual Defendants also ignore the possibility that judicial resources would be conserved absent Rule 54(b) certification. As discussed above, the constitutional issues overlap and simultaneous resolution would prevent inconsistent or duplicative analysis of those issues. *See supra* p. 5. Moreover, depending on the outcome of the case, Plaintiffs may choose not to pursue an appeal of this Court's decision to dismiss the class action claims. *See, e.g.*, *Gonzalez*, 2021 WL 1312553, at *4 (declining Rule 54(b) certification of an issue that "may well become moot" depending on the outcome of the pending claims); *Croyle* v. *Theatine Fathers, Inc.*, No. 19-CV-00421-JAO-WRP, 2020 WL 1452068, *2 (D. Haw. Mar. 25, 2020) ("It is also possible that future developments in this case could lead to settlement or moot appellate review of certain legal issues."); *Hamad* v. *Gates*, No. C10-591-MJP, 2011 WL 13354077, *2 (W.D. Wash. July 22, 2011) ("[A]ppellate review of the personal jurisdiction issue may be mooted by future developments in the case."). In sum, there is no efficiency rationale for Rule 54(b) certification, and Individual Defendants

omitted from their motion colorable arguments that declining certification would be the more efficient approach.

*Third*, Individual Defendants fail to carry their burden on the equities. Individual Defendants argue that partial final judgment should be favored because the Court dismissed some claims "on qualified immunity" grounds and others "on the 'antecedent' question of whether a cause of action exists at all." Mot. at 7. While Individual Defendants do not explain why dismissals on "antecedent" questions merit certification, presumably their position is that, like qualified immunity, such issues should be "resolv[ed] . . . at the earliest possible stage in litigation." Mot. at 7 (citing *Hunter* v. *Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). But *Hunter* was not about the resolution of qualified immunity *on appeal*; that case merely held that lower courts should not defer the issue of qualified immunity until trial for determination by a jury. *Hunter*, 502 U.S. at 227. Here, the Court has already determined that qualified immunity applied to certain claims, and the Individual Defendants waited nearly four months to move this Court for partial final judgment and argue that certification was required to resolve the claims against them on appeal as early as possible. Mot. at 7.

Individual Defendants also argue that "[e]ntry of partial judgment now would spare them" costs, the burden of monitoring the litigation, and the requirement that they report the existence of the lawsuit. Mot. at 8. These purported concerns are not persuasive. Individual Defendants here are being defended by and at the expense of the United States Department of Justice (along with Defendant United States), and Individual Defendants present no evidence of *any* hardship associated with reporting the existence of the lawsuit—or why any presumed hardship cannot be cured by also reporting the *dismissal* of the claims against them. In any event, given that Individual Defendants will be involved in both an appeal of a dismissal and relevant FTCA discovery, entering partial final judgment pursuant to Rule 54(b) now would make minimal difference. *See Hornof* v.

- 8 -

*United States*, No. 2:19-cv-00198-JDL, 2021 U.S. Dist. LEXIS 12278, at *4–5 (D. Me. Jan. 22, 2021) ("[E]ntering final judgment as to the Individual Defendants would have minimal practical effect on those Defendants' lives: they would still be involved as witnesses for the FTCA claims against the United States, they would not incur any legal fees during that involvement, and their professional reputations—if not their pocketbooks—may still be affected by the outcome of the case.").

The equities squarely favor Plaintiffs in this case.  Plaintiffs are families who were forcibly separated and detained by the United States government, as a result of the planning, decision-making, and conduct of U.S. government officials and other personnel, including the Individual Defendants.  Plaintiffs' FTCA claims have survived a motion to dismiss, and Plaintiffs are now entitled to conduct fact discovery to support their claims, without the simultaneous burden of litigating a piecemeal and potentially duplicative appeal.

# CONCLUSION

Plaintiffs request that the Court deny the Individual Defendants' Motion for Entry of Final Judgment under Rule 54(b).

Dated this 29th day of July, 2022.

By: /s/ *Jacqueline P. Rubin*

| | |
|---|---|
| Jacqueline P. Rubin (admitted *pro hac vice*) Geoffrey R. Chepiga (admitted *pro hac vice*) Steven C. Herzog (admitted *pro hac vice*) Hallie S. Goldblatt (admitted *pro hac vice*) PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP 1285 Avenue of the Americas New York, NY 10019 (212) 373-3000 jrubin@paulweiss.com | Lee Gelernt (admitted *pro hac vice*) Anand Balakrishnan (admitted *pro hac vice*) Daniel A. Galindo (admitted *pro hac vice*) AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT 125 Broad Street, 18th Floor New York, NY 10004 (212) 549-2660 |
| Alexander A. Reinert (admitted *pro hac vice*) 55 Fifth Avenue, Room 1005 New York, NY 10003 (646) 592-6543 | Stephen Kang (admitted *pro hac vice*) Spencer Amdur (admitted *pro hac vice*) AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT 39 Drumm Street San Francisco, CA 94111 (917) 620-3555 |
| | Christine Keeyeh Wee ACLU FOUNDATION OF ARIZONA P.O. Box 17148 Phoenix, AZ 85011 (602) 650-1854 |
| | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by means of the District Clerk's CM/ECF electronic filing system on July 29, 2022.

/s/ *Jacqueline P. Rubin*
Jacqueline P. Rubin