**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., et al., | No. CV-19-00481-TUC-JCH |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Parties, et al., | |
| Defendants. | |

Before the Court are various matters including: (1) determining the appropriate venue for J.J.P.B. and A.E.P.F.'s ("Plaintiffs J.B./A.F.") FTCA claims (*see* Doc. 76); and (2) the parties joint Rule 16 Report (Doc. 110).

**I.    Background**

Plaintiffs originally brought this lawsuit against fifteen Individual Defendants and the United States, asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotic*s, 403 U.S. 388 (1971) (Counts I–VI); 42 U.S.C. §§ 1985(3), 1986 (Counts VII–VIII); and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1) (Counts IX–XI). On April 1, 2022, the Court granted the Individual Defendants' Motion to Dismiss. *See generally* Doc. 76. The Court found (1) it lacked personal jurisdiction over the Individual Defendants; (2) this suit presented a new *Bivens* context, and special factors weighed/cautioned against extending an implied damages remedy to the instant circumstances; and (3) the Individual Defendants were entitled to qualified immunity on Plaintiffs' statutory claims because "it was unsettled law whether an intracorporate agreement could subject federal officials, from different agencies within the Executive Branch, to liability for civil rights violations under § 1985(3)." *Id.* at 14–33. In a separate

Order issued on the same date, the Court permitted most of Plaintiffs' FTCA claims against the United States (Counts IX–XI) to proceed. Doc. 77. In particular, the Court found Plaintiffs' intentional infliction of emotional distress, negligence, and loss of consortium claims not barred by sovereign immunity. *Id.* at 4–13. However, the Court granted the United States' motion with respect to two Plaintiffs' claims, finding that venue was improper. *Id.* at 15–18. At present, the United States remains a party, and the parties are proceeding in discovery on the FTCA claims.

In the interim, the United States moved to consolidate policy-based discovery in this case and in CV-21-00339-PHX-DLR ("*F.R.* Case") with policy-based discovery in CV19-05217-PHX-SRB ("*C.M.* Case") and CV20-00065-PHX-SRB ("*A.P.F.* Case"), two latter cases before Judge Bolton. Judge Bolton denied the motion, explaining that each case was in various stages of litigation:

> No depositions have been taken in CV21-00339-PHX-DLR or CV19-00481-TUC-JCH. In CV19-05217-PHX-SRB and CV20-00065-PHX-SRB, depositions have either been taken or are scheduled. No document production has been made in CV21-00339-PHX-DLR and CV19-00481-TUC-JCH (except documents that might have been produced in CV21- 00339-PHX-DLR pursuant to the Court's former MIDP rules). Approximately 78,000 documents have been produced in CV19-05217-PHX-SRB and CV20-00065-PHX-SRB and there has been considerable briefing and argument over much of that production. It is simply too late to consider discovery consolidation of other family separation cases with CV19-05217-PHX-SRB and CV20-00065-PHX-SRB when they are at such different stages of litigation. The Court will deny the Motions to Consolidate Cases for Common Policy-Based Discovery Only.

Doc. 101. Although this action was not consolidated with *C.M.* and *A.P.F.*, Judge Bolton observed that the parties "could agree that depositions taken in those cases might be utilized [to] avoid unnecessary duplication. There are likely other agreements the parties could make to benefit from the considerable work already done by the parties and this Court in CV19-05217-PHX-SRB and CV20-00065-PHX-SRB." *Id.*

I.   **Case Management Conference**

In December 2022, the parties submitted a Joint Case Management Report pursuant

to Federal Rule of Civil Procedure 26(f). Doc. 110. Under MIDP procedures, the United States has since disclosed policy-related document discovery from *C.M.* and *A.P.F* in this action, including policy-related deposition transcripts and exhibits. *See* Doc. 110 at 11. The Court will set a Case Management Conference to discuss potential discovery issues, resolve conflicting deadlines proposed by the parties, resolve discovery limitations proposed by the parties, and thereafter, issue a case management order.

## II.  Venue for J.B. and A.F. Claims

The Court granted the United States' motion to dismiss for improper venue with respect to Plaintiffs J.B./A.F's FTCA claims. Doc. 77 at 19. The Court found Plaintiffs J.B./A.F.'s alleged separation and mistreatment did not occur in Arizona, nor did they live in Arizona when those acts occurred. Doc. 77 at 16. After review, the Court declined to apply pendant venue because Plaintiffs J.B./A.F.'s claims did not share a common nucleus of operative facts with the other claims in the First Amended Complaint. *Id.* at 17–18. Rather than dismiss their claims outright, the Court found transfer was in the interest of justice and ordered supplemental briefing on which transferee venue was most appropriate. *Id.* at 18. The Court has reviewed the parties' supplemental briefings[1] and finds transfer most appropriate to the United States District Court for the Southern District of Texas.

Plaintiffs J.B./A.F.'s supplemental brief requests that the Court transfer the claims to the Southern District of New York, or in the alternative, to the Northern District of Indiana. Doc. 78 at 1. They argue that venue is proper in the Southern District of New York because "[m]uch of the harm [A.F.] suffered took place in the Bronx, New York, where he was held in ORR custody and required to live away from his father for several months." *Id.* at 3. Additionally, they provide that the Southern District of New York should be accorded deference because relevant witnesses and evidence are in the forum and the forum has related cases. *Id.* at 5. Alternatively, they argue that the Northern District of Indiana is appropriate because it is the judicial district where Plaintiffs reside. *Id.* at 5–6. Although the Court's Order observed that most of the government's alleged misconduct occurred in

---

[1] *See* Docs. 78, 85.

Texas, Plaintiffs J.B./A.F. did not address whether the Southern District of Texas is a proper venue. *See* Doc. 77 at 18. According to the government, witnesses with knowledge of Plaintiffs' separation, apprehension, and detention are in Texas, and such claims are likely decided under Texas state law. *Id.* at 4–5. Thus, the government submits that venue is more appropriate in the Southern District of Texas. *Id.* at 2. In the alternative, the government indicates, "the balance of relevant discretionary factors supports transfer to the Northern District of Indiana only as a first alternative to the Southern District of Texas," as both Plaintiffs reside therein. *Id.* at 5. The government argues that venue is improper in the Southern District of New York because J.B.'s was never present there during the relevant time period, thus Plaintiffs J.B./A.F.'s claims cannot proceed in the same suit. *Id.* at 6. Although A.F.'s placement occurred within the district, J.B. was never present during the relevant time-period, and thus the allegedly tortious acts or omissions are only tangential to the gravamen of their claims. *Id.* at 6–7. The government further contends the Southern District of New York is not in the interest of convenience and fairness. *Id.* at 7.

### A. Legal Standard

Whether to dismiss or transfer is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (internal quotation and citation omitted).

District courts possess broad discretion when evaluating whether to sever claims pursuant to under Rule 21. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). Claims against different parties may be severed for trial or other proceedings if the court determines that the interests of justice would be better served by severance. *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 154 F. Supp.2d 10, 13 (D.D.C. 2001).

In an FTCA action, venue is proper only "in the judicial district where plaintiff

resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). To establish venue based on residency, "a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). Even in cases where venue is proper under § 1391, however, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

### B. Analysis

Courts generally give deference to the plaintiffs' choice of forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). However, the choice of forum is only entitled to minimal consideration when "the operative facts have not occurred within the *forum of original selection* and that forum has no particular interest in the parties or the subject matter." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) (emphasis added). Plaintiffs preferred choices of venue, the Southern District of New York, is entitled to limited deference because Plaintiffs do not "reside" in New York.

The Court finds that most, if not all, of the non-party witnesses in this matter would find the Southern District of Texas to be a more convenient venue. *See Gomez v. Wells Fargo Bank, NA*, No. CV–09–181–PHX–GMS, 2009 WL 1936790, at *2 (D. Ariz. July 2, 2009) ("The convenience of witnesses is said to be the most important factor in passing on a transfer motion."). Many events giving rise to Plaintiffs' claims occurred in Texas: Plaintiffs entered the United States and were apprehended near Hidalgo, Texas; Plaintiffs were detained and separated in McAllen, Texas; J.B. was later detained at the Port Isabel Detention Center in Los Fresnos, Texas, where he signed paperwork related to his removal. Doc. 85 at 3. As such, most witnesses with knowledge of Plaintiffs' separation, including

their apprehension and detention, are located within the Southern District of Texas. *See* Doc. 85 at 4. Furthermore, because it is likely that Plaintiffs J.B./A.F.'s FTCA claims will be decided under Texas law, it follows the Southern District of Texas is the most appropriate venue.

### III.     Order

Accordingly,

**IT IS ORDERED SETTING** a Case Management Conference is set for **April 24, 2023**, at **11:00 AM**. The conference will be held telephonically and on the record. Call 888-363-4735 and enter access code 5538514 to join the conference. A court reporter will be present. To ensure a clean record please: (a) wait until called to speak; (b) speak slowly, clearly, and concisely; (c) avoid speaking over or interrupting other parties and the Court; and (d) mute your device when not addressing the Court.

**IT IS FURTHER ORDERED**, after reviewing supplemental briefing, **SEVERING** Plaintiffs J.B./A.F.'s FTCA claims under Fed. R. Civ. P. 21, and **TRANSFERRING** those claims to the Southern District of Texas.

Dated this 10th day of April, 2023.

_____
Honorable John C. Hinderaker
United States District Judge