Jacqueline P. Rubin (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Lee Gelernt (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Attorneys for Plaintiffs

*(Additional Counsel for Plaintiffs Listed on Signature Page)*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; and J.I.S., on behalf of himself and his minor child, B.L.S.P.;<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | **No. CV-19-00481-TUC-JCH**<br><br><br>**UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINORS' CLAIMS** |

Plaintiffs A.I.I.L., on her own behalf and on behalf of her minor children, J.A.H.I. and M.E.H.I.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; and J.I.S., on behalf of himself and his minor child, B.L.S.P. (collectively, "Plaintiffs"), ask the Court to enter the proposed Order accompanying this motion approving the settlements of the minor Plaintiffs' claims against the United States of America

("Defendant").  By email dated March 6, 2024, counsel for the United States indicated Defendant does not oppose the relief Plaintiffs seek herein.

<div align="center">**MEMORANDUM OF POINTS AND AUTHORITIES**</div>

This case involves claims against Defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et. seq. ("FTCA"), stemming from the forced separation of undocumented parents from their minor children.  Plaintiffs A.I.I.L., J.A.H.I., and M.E.H.I. allege being separated for approximately seven weeks; Plaintiffs J.L.V.A. and D.S.V.H. allege being separated for approximately eight weeks; and Plaintiffs J.I.S. and B.L.S.P. allege being separated for approximately six months.  All allege serious injury. The Court is familiar with the facts of the case, which are described in detail in the Court's Order granting the Individual Defendants' motion to dismiss Claims I-VIII (Dkt. 76).

**I.      The Settlements, Attorneys' Fees, and Costs**

Plaintiffs filed their initial Complaint in this action in the U.S. District Court for the District of Arizona on October 3, 2019 (Dkt. 1) and their First Amended Complaint on September 3, 2020 (Dkt. 41).  On March 31, 2022, this Court granted the Individual Defendants' motion to dismiss Claims I-VIII (Dkt. 76); granted Defendant's motion to dismiss two Plaintiffs for improper venue; and denied Defendant's motion to dismiss Claims IX-XI (Dkt. 77).  Thereafter, the Parties engaged in discovery (including production of documents, review of a substantial number of documents, and depositions) and engaged in settlement negotiations.  Those negotiations have culminated in Settlements whereby Defendant will pay Plaintiffs A.I.I.L., J.A.H.I., and M.E.H.I. a total of $395,000; Plaintiffs J.L.V.A. and D.S.V.H. a total of $275,000; and Plaintiffs J.I.S. and B.L.S.P. a total of $195,000 (hereinafter "Settlement Amounts") in settlement of all claims, pending Court approval and approval by the Attorney General or the Attorney General's designee.  Attached as Exhibits A through C are the proposed Settlement Agreements.

The Settlements are contingent upon:  (a) agreement by the Parties to the terms, conditions, and requirements of their respective Stipulations; (b) Plaintiffs obtaining this Court's approval for the minors' portions of the Settlements; (c) Plaintiffs obtaining a release and waiver of any claims or cause of action that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to this action; (d) approval of the Settlements by the Attorney General or the Attorney General's designee; and (e) Plaintiffs obtaining an Order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over this action, these Settlements, or the United States.

Plaintiffs request that the Court approve the settlements on behalf of the minor children, and that the Court approve that the Settlement Amounts for each family be apportioned equally among the family members.  Specifically, Plaintiffs request that the amounts be apportioned as follows:  (a) Plaintiff A.I.I.L. shall receive $131,666.66 in settlement of her claims against Defendant, Plaintiff J.A.H.I., a minor, shall receive $131,666.67 in settlement of his claims against Defendant, and M.E.H.I., a minor, shall receive $131,666.67 in settlement of his claims against Defendant; (b) Plaintiff J.L.V.A. shall receive $137,500.00 in settlement of his claims against Defendant, and Plaintiff D.S.V.H., a minor, shall receive $137,500.00 in settlement of her claims against Defendant; and (c) Plaintiff J.I.S. shall receive $97,500.00 in settlement of his claims against Defendant, and Plaintiff B.L.S.P., a minor, shall receive $97,500.00 in settlement of her claims against Defendant.

The minor Plaintiffs' portions of the Settlements shall be placed in pooled minors' trusts administered by Legacy Enhancement Trust.  Distribution of funds to the minor Plaintiffs from their respective pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement Trust.  Permissible distributions until the minor Plaintiffs turn 18 years old include but are not limited to expenses related to education, health care,

and technology.  After a minor Plaintiff turns 18 years old, he or she will be able to obtain distributions of remaining funds for a wider range of expenses, as approved by the trustee.  Any funds remaining when a minor Plaintiff turns 21 years old will be released to the minor Plaintiff *in toto*.  Information about the pooled minors' trusts and the agreements for funding the minors' trusts are contained in Exhibit D hereto, which is a form agreement for the trust.

Plaintiffs' counsel are representing Plaintiffs *pro bono publico* and will not be taking payment from the Settlement Amounts.

**II.     Reasonableness of the Settlements**

"[T]he court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron* v. *United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux* v. *Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay* v. *Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).  When reviewing a proposed settlement involving minors, the district court should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1182.  "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

Plaintiffs believe the allocation of the Settlement Amounts to the minor Plaintiffs is reasonable.  "When a parent brings an action on behalf of her minor child, the child is not unrepresented within the meaning of Rule 17(c), and the Court need not consider whether to appoint a guardian ad litem unless a conflict of interest exists between the parent and the minor." *Tex. Ins. Co.* v. *Athena Logistic Sols. LLC*, 2024 WL 309942, at *2 (D. Ariz. Jan. 26, 2024).  In situations like the instant case, where there is

"no evidence indicating that [the parent] placed their interest above the interests of their children," courts in this district and others have held that there is no conflict of interest and a guardian ad litem need not be appointed, even if the settlement funds come from the same pool. *Id.* at *3; *see also Wright* v. *S. Ariz. Children's Advocacy Ctr.*, No. 21-CV-00257, ECF No. 248 at 1 (D. Ariz. Oct. 5, 2023) (approving minor's settlement and finding that the court "need not appoint a guardian ad litem [because the] minor [was] adequately represented by a parent" who had "retained counsel [] to represent [the minor's] interests in [the] action."); *Gonzalez* v. *Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."). Furthermore, this Court has previously approved at least one minor settlement of an FTCA family separation lawsuit in which the minor's settlement proceeds were to be placed in a pooled minor's trust overseen by a fiduciary trustee at Legacy Enhancement Trust. *See* Order Approving Settlement of Minor's Claims, *F.R.* v. *United States*, No. CV-21-00339-PHX-DLR, ECF No. 94 (D. Ariz. Nov. 1, 2023).

In this case, Plaintiffs A.I.I.L., J.L.V.A., and J.I.S. have not placed their interests above those of their respective children, minor Plaintiffs J.A.H.I. and M.E.H.I., D.S.V.H., and B.L.S.P., because each Settlement Amount is being divided evenly among parent and child, as set forth below. Moreover, Plaintiffs A.I.I.L., J.L.V.A., and J.I.S.'s interests are entirely aligned with those of their respective minor children, minor Plaintiffs J.A.H.I. and M.E.H.I., D.S.V.H., and B.L.S.P., because all Plaintiffs are seeking damages for their alleged unlawful separations. Minor Plaintiffs J.A.H.I. and M.E.H.I., D.S.V.H., and B.L.S.P. are all under the age of 18, and they currently reside with their parents, Plaintiffs A.I.I.L., J.L.V.A., and J.I.S., respectively. Plaintiffs A.I.I.L., J.L.V.A., and J.I.S. are the only source of parental support for their children, and they will care for minor Plaintiffs J.A.H.I. and M.E.H.I., D.S.V.H., and B.L.S.P., respectively, until each

1  turns 18, and likely longer as the minor Plaintiffs move forward in life.  Further, the

2  portions of the Settlements allocated to the Minor Plaintiffs will be placed in trusts.

3     Thus, this Court has the power to approve the Settlements and grant:  (1)

4  A.I.I.L. the authority to consummate the Settlement on behalf of minor Plaintiffs J.A.H.I.

5  and M.E.H.I.; (2) J.L.V.A. the authority to consummate the Settlement on behalf of

6  minor Plaintiff D.S.V.H.; and (3) J.I.S. the authority to consummate the Settlement on

7  behalf of minor Plaintiff B.L.S.P.  *See Tex. Ins. Co.*, 2024 WL 309942, at *2-3 (D. Ariz.

8  Jan. 26, 2024).

9  **III.    Requested Action by the Court**

10     Plaintiffs ask the Court to enter the accompanying proposed Order

11  regarding the minor Plaintiffs' Settlements that provides as follows:

12   1.  Approving the Settlements attached as Exhibits A through C to this Motion on

13     behalf of the Minor Plaintiffs J.A.H.I., M.E.H.I., D.S.V.H., and B.L.S.P.;

14   2.  Approving an allocation of the Settlement Amounts as follows:

| Plaintiff | Settlement Share |
|---|---|
| A.I.I.L. | $131,666.66 |
| J.A.H.I. | $131,666.67 |
| M.E.H.I. | $131,666.67 |
| J.L.V.A. | $137,500.00 |
| D.S.V.H. | $137,500.00 |
| J.I.S. | $97,500.00 |
| B.L.S.P. | $97,500.00 |

23   3.  Approving the placement of J.A.H.I., M.E.H.I., D.S.V.H., and B.L.S.P.'s

24     Settlement Shares of $131,666.67, $131,666.67, $137,500.00, and $97,500.00,

25     respectively, into individual pooled minors' trusts administered by Legacy

26     Enhancement Trust on behalf of J.A.H.I., M.E.H.I., D.S.V.H., and B.L.S.P.

27     Plaintiffs' counsel shall coordinate with A.I.I.L., J.L.V.A., J.I.S., and Legacy

28     Enhancement Trust for the execution of all necessary paperwork and the funding

of the pooled minors' trusts on behalf of J.A.H.I., M.E.H.I., D.S.V.H., and B.L.S.P.

**IV.     Hearing**

The Court may approve these Settlements without a hearing.  However, should the Court have any questions about the Settlements, Plaintiffs ask that it conduct a hearing to address any issues that might exist.  To minimize costs, Plaintiffs respectfully request that they be permitted to appear at a hearing, if the Court deems one necessary, via telephone or video-conference.

Respectfully submitted this day:  March 6, 2024.

By:  /s/ Jacqueline P. Rubin

Jacqueline P. Rubin
(admitted *pro hac vice*)
Geoffrey R. Chepiga
(admitted *pro hac vice*)
Steven C. Herzog
(admitted *pro hac vice*)
Hallie S. Goldblatt
(admitted *pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Alexander A. Reinert
(admitted *pro hac vice*)
55 Fifth Avenue, Room 1005
New York, NY 10003
(646) 592-6543

Lee Gelernt
(admitted *pro hac vice*)
Anand Balakrishnan
(admitted *pro hac vice*)
Daniel A. Galindo
(admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660

Stephen Kang
(admitted *pro hac vice*)
Spencer Amdur
(admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7th Floor
San Francisco, CA 94104
(917) 620-3555

Christine Keeyeh Wee
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, AZ 85011

(602) 650-1854

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Jacqueline P. Rubin, an attorney, certify that on this 6th day of March, 2024, I caused a copy of the foregoing to be filed with the electronic filing system of the District of Arizona, which will automatically serve all counsel of record.


/s/ *Jacqueline P. Rubin*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; and J.I.S., on behalf of himself and his minor child, B.L.S.P.;<br><br>         Plaintiffs,<br><br>  v.<br><br>United States of America,<br><br>         Defendant. | No. 4:19-cv-00481-JCH |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning

██████████████, J.A.H.I., and M.E.H.I., and any person, other than Defendant and the

Parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to

this civil action), and Defendant, United States of America, including its agents, servants, and

employees (hereinafter "United States"), collectively, "the Parties," by and through their

respective attorneys, as follows:

1.       The parties to this Stipulation for Compromise Settlement and Release (hereinafter

"Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether

known or unknown, including claims for wrongful death, arising directly or indirectly from the

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **1** of **12**

acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.  This release does not apply to or affect in any way any claims for immigration relief, which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.  This Stipulation is entered into by all Parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of Three Hundred and Ninety-Five Thousand Dollars ($395,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all Parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the American Civil Liberties

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **2** of **12**

Union's IOLTA Account.  Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust.  Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent.  However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c.      Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **3** of **12**

d.      The Parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28 U.S.C. § 2678.  The Parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto.  The Parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.      Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of either ███████████, J.A.H.I., or M.E.H.I., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account of the acts or omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration,

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **4** of 12

the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State(s) of Arizona and Florida) from the acts or omissions that gave rise to the above-captioned action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **5** of **12**

paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.      This compromise settlement is specifically subject to each of the following conditions:

a.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.      The Parties must agree in writing to the terms, conditions, and requirements of this Stipulation.   The Parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation.   The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.   The Parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

c.      Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of J.A.H.I. and M.E.H.I.   The Order(s) approving the settlement on behalf of J.A.H.I. and M.E.H.I. may be obtained from either the United States

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **6** of **12**

District Court for the District of Arizona or a state court of competent jurisdiction.  The terms of any court Order(s), a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order(s) before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

        d.      Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

        e.      Plaintiffs must obtain an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **7** of 12

own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.      The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.      Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.      Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.  Plaintiffs further acknowledge that they have had sufficient opportunity to

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **8** of 12

discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each Party.  All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **9** of **12**

Executed this_____day of_____, 2024.

**DEFENDANT UNITED STATES OF AMERICA**


By: _____
      PHILIP D. MACWILLIAMS
      Trial Attorney
      Department of Justice
      Civil Division, Torts Branch

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **10** of **12**

Executed this_____day of_____, 2024.
**ATTORNEYS FOR PLAINTIFFS**
    PAUL, WEISS, RIFKIND,
    WHARTON & GARRISON LLP


By:    _____
    Geoffrey R. Chepiga
    **ATTORNEYS FOR PLAINTIFFS**


<table>
<tr><td>

Jacqueline P. Rubin*
Geoffrey R. Chepiga*
Steven C. Herzog*
Hallie S. Goldblatt*
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com


Alexander A. Reinert*
55 Fifth Avenue, Room 1005
New York, NY 10003
(646) 592-6543

</td><td>

Lee Gelernt*
Daniel A. Galindo*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
Tel.: (212) 549-2660
Fax: (212) 549-2654
*lgelernt@aclu.org*
*dgalindo@aclu.org*


Stephen B. Kang*
Hannah Schoen*
Oscar Sarabia Roman*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-1198
Fax: (415) 395-0950
*skang@aclu.org*
*hschoen@aclu.org*
*osarabia@aclu.org*
*Attorneys for Plaintiffs*

</td></tr>
</table>

*admitted *pro hac vice*

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Executed this_____day of_____, 2024.

███████████████████

_____

███████████████████

Executed this_____day of_____, 2024.
**J.A.H.I.**

_____

By:   ███████████████, mother and natural guardian of J.A.H.I.

Executed this_____day of_____, 2024.
**M.E.H.I.**

_____

By:   ███████████████, mother and natural guardian of M.E.H.I.

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **12** of **12**

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; and J.I.S., on behalf of himself and his minor child, B.L.S.P.; | No. 4:19-cv-00481-JCH |

Plaintiffs,

v.

United States of America,

Defendant.

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ and D.S.V.H., and any person, other than Defendant and the Parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the Parties," by and through their respective attorneys, as follows:

1.       The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **1** of **12**

acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.  This release does not apply to or affect in any way any claims for immigration relief, which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.  This Stipulation is entered into by all Parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of Two Hundred and Seventy-Five Thousand Dollars ($275,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all Parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the American Civil Liberties

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **2** of 12

Union's IOLTA Account.  Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

      b.     With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust.  Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent.  However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

      c.     Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **3** of **12**

d.     The Parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal

Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28

U.S.C. § 2678.  The Parties further agree that any such attorneys' fees, along with Plaintiffs' costs

and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees

(including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of

this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation,

shall be paid out of the Settlement Amount, and not in addition thereto.  The Parties agree that any

fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this

matter and in any court proceedings reviewing the settlement for approval purposes shall be

considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.     Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors,

administrators, and assigns hereby accept the settlement and the payment of the Settlement

Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and

causes of action of any kind, whether known or unknown, including any future claims for survival

or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by

reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries,

including the death of either ███████████████████ or D.S.V.H., or damage to property,

and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns

have had, now have, or hereafter may have against the United States on account of the acts or

omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators,

assigns, predecessors and successors in interest, do hereby, for good and valuable consideration,

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **4** of 12

the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State(s) of Texas, Tennessee, Arizona, and New Jersey) from the acts or omissions that gave rise to the above-captioned action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **5** of **12**

reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim.  The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.      This compromise settlement is specifically subject to each of the following conditions:

a.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.      The Parties must agree in writing to the terms, conditions, and requirements of this Stipulation.  The Parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the Parties cannot agree on the terms, conditions, and requirements of this Stipulation.  The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.  The Parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

c.      Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of D.S.V.H.  The Order(s) approving the settlement on behalf

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **6** of **12**

of D.S.V.H. may be obtained from either the United States District Court for the District of Arizona or a state court of competent jurisdiction.  The terms of any court Order(s), a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.  Plaintiffs must obtain such court Order(s) before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

        d.     Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

        e.     Plaintiffs must obtain an order from the United States District Court for the

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **7** of 12

District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.     The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.     Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.     Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **8** of 12

freely and voluntarily.  Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each Party.  All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **9** of **12**

Executed this_____day of_____, 2024.

**DEFENDANT UNITED STATES OF AMERICA**


By: _____
        PHILIP D. MACWILLIAMS
        Trial Attorney
        Department of Justice
        Civil Division, Torts Branch

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **10** of **12**

Executed this_____day of_____, 2024.
**ATTORNEYS FOR PLAINTIFFS**
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP


By: _____
     Geoffrey R. Chepiga
     **ATTORNEYS FOR PLAINTIFFS**


<div style="display:flex">
<div>

Jacqueline P. Rubin*
Geoffrey R. Chepiga*
Steven C. Herzog*
Hallie S. Goldblatt*
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Alexander A. Reinert*
55 Fifth Avenue, Room 1005
New York, NY 10003
(646) 592-6543

</div>
<div>

Lee Gelernt*
Daniel A. Galindo*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
Tel.: (212) 549-2660
Fax: (212) 549-2654
*lgelernt@aclu.org*
*dgalindo@aclu.org*

Stephen B. Kang*
Hannah Schoen*
Oscar Sarabia Roman*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-1198
Fax: (415) 395-0950
*skang@aclu.org*
*hschoen@aclu.org*
*osarabia@aclu.org*
*Attorneys for Plaintiffs*

</div>
</div>

*admitted *pro hac vice*


*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **11** of **12**

Executed this_____day of_____, 2024.

████████████████████

_____

████████████████████

Executed this_____day of_____, 2024.

**D.S.V.H.**

_____

By:   ██████████████████, father and natural guardian of D.S.V.H.

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **12** of **12**

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; and J.I.S., on behalf of himself and his minor child, B.L.S.P.; | No. 4:19-cv-00481-JCH |

Plaintiffs,

v.

United States of America,

Defendant.

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ▮▮▮▮ ▮▮▮▮▮▮▮ and B.L.S.P., and any person, other than Defendant and the Parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the Parties," by and through their respective attorneys, as follows:

1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page 1 of 12

acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation. This release does not apply to or affect in any way any claims for immigration relief, which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This Stipulation is entered into by all Parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of One Hundred and Ninety-Five Thousand Dollars ($195,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all Parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the American Civil Liberties

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **2** of 12

Union's IOLTA Account.  Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust.  Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent.  However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c.      Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **3** of **12**

d.      The Parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28 U.S.C. § 2678.  The Parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto.  The Parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.      Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of either ███████████ or B.L.S.P., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account of the acts or omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration,

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **4** of 12

the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State(s) of Arizona) from the acts or omissions that gave rise to the above-captioned action.  Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.  Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **5** of **12**

by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim.  The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.      This compromise settlement is specifically subject to each of the following conditions:

a.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.      The Parties must agree in writing to the terms, conditions, and requirements of this Stipulation.  The Parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the Parties cannot agree on the terms, conditions, and requirements of this Stipulation.  The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.  The Parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

c.      Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of B.L.S.P.  The Order(s) approving the settlement on behalf of B.L.S.P. may be obtained from either the United States District Court for the District of Arizona

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **6** of 12

or a state court of competent jurisdiction.  The terms of any court Order(s), a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.  Plaintiffs must obtain such court Order(s) before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

        d.     Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

        e.     Plaintiffs must obtain an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **7** of 12

own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.    The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.    Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.    Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.  Plaintiffs further acknowledge that they have had sufficient opportunity to

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **8** of 12

discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each Party.  All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **9** of **12**

Executed this_____day of_____, 2024.

**DEFENDANT UNITED STATES OF AMERICA**


By:   _____
      PHILIP D. MACWILLIAMS
      Trial Attorney
      Department of Justice
      Civil Division, Torts Branch

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **10** of **12**

Executed this_____day of_____, 2024.
**ATTORNEYS FOR PLAINTIFFS**
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP


By:    _____
       Geoffrey R. Chepiga
       **ATTORNEYS FOR PLAINTIFFS**


Jacqueline P. Rubin*
Geoffrey R. Chepiga*
Steven C. Herzog*
Hallie S. Goldblatt*
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
jrubin@paulweiss.com

Alexander A. Reinert*
55 Fifth Avenue, Room 1005
New York, NY 10003
(646) 592-6543

Lee Gelernt*
Daniel A. Galindo*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
Tel.: (212) 549-2660
Fax: (212) 549-2654
*lgelernt@aclu.org*
*dgalindo@aclu.org*

Stephen B. Kang*
Hannah Schoen*
Oscar Sarabia Roman*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-1198
Fax: (415) 395-0950
*skang@aclu.org*
*hschoen@aclu.org*
*osarabia@aclu.org*
*Attorneys for Plaintiffs*


*admitted *pro hac vice*


*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Executed this_____day of_____, 2024.

██████████████

_____

██████████████

Executed this_____day of_____, 2024.

**B.L.S.P.**

_____

By:  █████████████, father and natural guardian of B.L.S.P.

*A.I.I.L. et al v. United States*, No. 4:19-CV-00481-JCH (D. Ariz.)
Stipulation for Compromise Settlement and Release
March 6, 2024

Page **12** of **12**

# EXHIBIT D

# LEGACY ENHANCEMENT MINORS' MASTER POOLED TRUST JOINDER AGREEMENT

*This is a legal document.*
*You are advised to seek independent, professional legal advice before signing this document.*

## Article I – Terms and Conditions

_____, the undersigned Grantor ("Grantor"), enters into this Joinder Agreement with the Legacy Enhancement Minors' Master Pooled Trust ("Trust") whose mailing address is 601 W. Alabama Street, Houston, Texas 77006.  The Legacy Enhancement Pooled Trust, Inc. is a not-for-profit corporation approved by the State of Texas and the Internal Revenue Service. The Trust is incorporated herein by reference.  The parties enter into this Joinder Agreement in consideration of the mutual covenants and promises included in the Trust and the Joinder Agreement.

This Joinder Agreement is entered into for the purpose of establishing a trust sub-account for the sole benefit of _____ ("Beneficiary").  The Grantor declares that the Grantor has legal authority to transfer the Beneficiary's funds for the purpose of funding the sub-account.

Once agreed to by the parties by the signing of this Joinder Agreement, the sub-account is irrevocable and can't be altered unless the Master Trust Agreement or this Joinder Agreement permits a change.  Signing this Agreement means that the sub-account will only end when one of the terms of Article VII of the Trust Agreement is met.

The terms of the Joinder Agreement are subject to being amended.  Amendments to the Joinder Agreement will apply to all beneficiaries, and not just to an individual Beneficiary's sub-account.

The sub-account may be funded with real or tangible property belonging to the beneficiary and the Grantor shall have no further interest in and relinquishes and releases all rights of control over and all incidents of ownership in the contributed assets and any income generated by the contributed assets.

## Article 2 – Distributions from Trust Sub-Account

The Trustee may make any distributions deemed advisable for the use and benefit of the minor which are not provided by or available from any other source.  Distributions are to be made directly to the provider whenever possible.  Permissible distributions include but are not limited to expenses related to education, health care and technology, and are described in greater detail in the attached Addendum.

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement                         Initials _____

Distributions are not allowed for the following: rent or mortgage payments to family members, utility payments, items otherwise categorized as parental responsibilities of support (unless the Trustee determines that extraordinary circumstances, such as health and safety, exist which would compel a distribution otherwise categorized as a duty of parental support); alcohol, cigarettes (including e-cigs), bail, bank overdraft fees, family-member babysitters, transportation costs without prior approval, gifts to third parties, and cash advance repayments.  Additional information regarding permissible and impermissible distributions is set forth in Addendum "F" hereto.

The Trustee is not required to make any distributions from the beneficiary's sub-account until the beneficiary or his or her representative has provided written estimate or proposals; or in the case of reimbursement requests - receipts, copies of cancelled checks or other proof of payment which is satisfactory to the Trustee.

## Article 3 – Final Distribution

Final Distribution of any remaining sub-account assets will be made when one of the circumstances described in Article VII of the Master Pooled Trust Agreement is met.  At the time of final distribution, the value of the sub-account shall be calculated by taking the value at the close of business on the date the beneficiary reaches the age of majority, or if the beneficiary reaches the age of twenty-one on a date which is a non-business day, then the value should be calculated as of the close of the last business day prior to that date.

## Article 4 – Trustee Compensation

The Trustee shall be entitled to compensation for its services according to its published fee schedule in effect at the time services are rendered by the Trustee.  The Fee Schedule is attached to this Joinder Agreement as Exhibit "E".  Fees and compensation paid to the Trustees are not refundable and are earned when paid.  Fees which are not paid in advance may be a charge to the Beneficiary's sub-account.  Beneficiaries shall be entitled to written notice of any change to the Fee Schedule thirty (30) days prior to such change.

## Article 5 – Miscellaneous Provisions

Indemnification.  The Grantor agrees to indemnify and hold harmless the Trustee, its agents and employees, for actions taken on behalf of the Beneficiary so long as the Trustee acted reasonably and in good faith.  Grantor recognizes and acknowledges that the ongoing and changing nature of laws, regulations, policies, and procedures relating to government assistance programs cannot be predicted.

Tax Treatment.  The Grantor acknowledges that the Trustee has made no representations to the Grantor regarding the tax implications of the funding of the Trust or later tax consequences. The Trustee recommends that the Grantor consult with a tax professional before entering into this

agreement.   Annual tax returns, if required, will be prepared by a certified public accountant. Preparation fee and any related tax liability will be billed to the trust.

Governing Law.   This Agreement is created in and shall be construed under the laws of the state of Texas.

Change of Circumstances.   The Grantor must provide complete and accurate information regarding the Grantor and the beneficiary at all times, including but not limited to any change in circumstances that might affect the beneficiary, this Joinder Agreement and/or the duties of the Trustee as those duties pertain to the beneficiary.   It is the responsibility of the Grantor or the beneficiary's legal representative to report changes including a change of address or death of a beneficiary.   Grantor acknowledges that the Trustee will administer the Trust for the Beneficiary based on information that the Grantor provides.

Agreement Constitutes Entire Understanding Between Parties.   This Agreement, together with attached Exhibits and any Addendums to this Agreement constitute the entire agreement between the parties.

Opportunity to Seek Legal Counsel.   The Grantor hereby acknowledges that the Grantor has reviewed this Agreement and fully understands its terms; has been advised to, and has been given the opportunity to, seek the advice of independent legal counsel concerning this Agreement; agrees to be bound by the terms of this Agreement; and is not executing this Agreement because of any promises, covenants or representations other than those contained in this Agreement and the Trust.

Severability.   The invalidity or unenforceability of any provision of this Agreement, in any jurisdiction shall in no way impair, affect, or prejudice the validity or enforceability of the remainder of this Agreement in that jurisdiction.

Headings.   The headings, titles, and subtitles within this Joinder Agreement are for reference purposes and not intended to guide any construction of this document.

Account Closure.   In the event that a Beneficiary has a zero ($0) account balance for ninety (90) or more consecutive days, the Trustee, in its sole discretion, retains the right to close the Beneficiary's sub-account.   The Trustee may continue to charge administrative fees for the management of the sub-account prior to its closure.   In the event that a Beneficiary wishes to re-open a sub-account, the Beneficiary may be required to pay any outstanding administrative fees. Additionally, the Beneficiary may, in the Trustee's sole and absolute discretion, be required to pay a new enrollment fee when re-opening the sub-account.

The Grantor acknowledges that the Grantor has been provided with a copy of the Legacy Enhancement Minors' Master Trust Agreement, and that the Grantor is entering into this agreement voluntary and without coercion.

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement                    Initials _____

IN WITNESS WHEREOF, the undersigned Grantor has signed this Joinder Agreement on the _____ day of _____, 20_____, and the Trustee has accepted and signed this Joinder Agreement on the _____ day of _____, 20_____.

GRANTOR

_____

Grantor's Name: _____

Grantor's Address: _____

_____

_____

Signed and witnessed in the presence of:

_____          _____
Witness Name:                                              Witness Name:

STATE OF _____
COUNTY OF _____

This instrument was acknowledged before me on this _____ day of _____, 20_____, by _____, for the purposes and consideration therein expressed.

_____

NOTARY PUBLIC:_____

(Seal or Stamp)          Commission/Expiration: _____
☐ Personally known.
☐ Produced identification: _____

**LEGACY ENHANCEMENT, TRUSTEE**

_____

By: Christian Bruns, President

Signed and witnessed in the presence of:

_____          _____
Witness Name:                                              Witness Name:

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement          Initials _____

STATE OF TEXAS
COUNTY OF HARRIS

     This instrument was acknowledged before me on this _____ day of _____, 20_____, by Christian Bruns, President of Legacy Enhancement, a Texas domestic nonprofit corporation, who is authorized to and does execute this instrument on behalf of said corporation.

                                                   _____

                                    NOTARY PUBLIC:_____

               (Seal or Stamp)      Commission/Expiration: _____
☐ Personally known.
☐ Produced identification: _____

**Exhibit "A"**
**DECLARATION OF TRUST**

**Exhibit "B"**
**GRANTOR AND BENEFICIARY INFORMATION**

Grantor Name: ☐ Mr.  ☐ Ms./Mrs. _____

Relationship to Beneficiary: _____

Current Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Grantor's Attorney: ☐ Mr.  ☐ Ms./Mrs. _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Beneficiary Name: ☐ Mr.  ☐ Ms. _____

Current Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Place of Birth: _____ U.S. Citizen: ☐ Yes ☐ No

Name of School: _____

In what grade: _____

Beneficiary's Mother's Name: _____

Address: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Beneficiary's Father's Name: _____

Address: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Does the Beneficiary drive? ☐ Yes ☐ No

If yes, provide the following:

Insurance company: _____ Policy number: _____

Is the Beneficiary covered under any policy of heath care insurance? ☐ Yes ☐ No

If yes, provide the following:

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement        Initials _____

Insuring Entity: _____ Policy number: _____

Is coverage through an employed parent which will continue until the Beneficiary reaches the age of 26? ☐ Yes ☐ N

If the Beneficiary has a legal representative (such as a legal guardian, conservator, representative payee, power of attorney, or other agent), please provide the following information (if contact information has already been provided above, please indicate such and do not re-enter)

Legal Representative Name: ☐ Mr. ☐ Ms./Mrs. _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

If legal or court-appointed representative, date of appointment: _____

Mark all that are applicable (attach a copy of all legal/court documents granting authority):

☐ Guardian of the Estate/Conservator      ☐ Guardian of the Person      ☐ Plenary Guardian

☐ Other Designation/Relationship: _____

Please indicate all forms of government assistance that the Beneficiary receives or is applying for, and the amounts received per month (if applicable). A copy of the award notice from Social Security or the State Medicaid agency must be attached so that distributions can be made without jeopardizing benefits.

Home or Community Based Medicaid Programs:      ☐ Yes ☐ No ☐ Applying

Medically Needy Program:      ☐ Yes ☐ No ☐ Applying

Food Stamps (SNAP):      ☐ Yes ☐ No ☐ Applying

Child Health Insurance Program (CHIP):      ☐ Yes ☐ No ☐ Applying

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement          Initials _____

**Exhibit "C"**
**DESIRES OF GRANTOR FOR TYPES OF DISTRIBUTIONS**
**FROM THE TRUST SUB-ACCOUNT**

*Please be as thorough as possible when completing this section.*
*This information is very important when authorizing requests for distributions.*

A.  How would you like to see money in the Beneficiary's sub-account used to improve the Beneficiary's life? What type of entertainment and activities does the Beneficiary enjoy? Is the Beneficiary interested in technology?  What are his or her favorite school subjects?
*Please note, in some instances, we may create an annual or periodic budget.*
*Please note, you will not be limited to only those items or services listed here.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

B.  Please provide the names and addresses of anyone who can request distributions.
*Please note, having too many people permitted to request distributions can cause communication problems and may delay distribution. One or two persons are optimal.*

Name: ☐ Mr.  ☐ Ms./Mrs. _____

Relationship: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Able to request distributions: ☐ Yes  ☐ No


Name: ☐ Mr.  ☐ Ms./Mrs. _____

Relationship: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Able to request distributions: ☐ Yes  ☐ No


Name: ☐ Mr.  ☐ Ms./Mrs. _____

Relationship: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Able to request distributions: ☐ Yes  ☐ No

**<u>The Grantor may add or remove above-named individuals at any time
by written notice to Legacy Enhancement at address or email account provided.</u>**

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement        Initials _____

## Exhibit "D"
## PROOF OF GRANTOR'S STATUS TO
## ESTABLISH TRUST ON BEHALF OF BENEFICIARY

All Grantors must provide a photocopy of current valid photo identification (e.g., state issued driver's license, state issued identification card, government issued passport, etc.)

- Parent or Parents as Grantor, also include a copy of your son or daughter's birth certificate.

- Guardian Ad Litem as Grantor, also include a copy of your Order Appointing Guardian Ad Litem

- Legal Guardian as Grantor, also include a copy of your Letters of Guardianship and a copy of a court order authorizing you to sign the Joinder Agreement.

- Court or other legal party as Grantor, also include a copy of a court order authorizing the establishment of the Trust sub-account.

*Please note, the documents listed above are examples only.  Other documents that clearly or specifically establish the Grantor's relationship to the Beneficiary, and the status or authority to establish the Trust on behalf of the Beneficiary and to access the Beneficiary's funds, can also be sufficient.*

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement                    Initials _____

**Exhibit "E"**
**TRUST FEES AND PROCEDURES**

1. <u>Enrollment Fee.</u>  There is no enrollment fee for sub-accounts with initial balances of less than $10,000.00.   There is a one-time $1,000.00 enrollment fee for sub-accounts with an initial balance of more than $10,000.00.   There is a one-time $1,500.00 enrollment fee for sub-accounts with an initial balance of more than $20,000.00.   Any enrollment fees will be deducted from the initial deposit.

2. <u>Administrative Fee.</u>   The account will be charged an annual administrative fee, of 1.95%, payable in advance.

3. <u>Completing the Application Process.</u>  Mail the completed Joinder Agreement, along with any checks to deposit into the Beneficiary's account to:

   Legacy Enhancement, Inc.
   2020 Beaver Avenue, #206
   Monaca, PA  15061